[S. F. No. 930. In Bank.—February 19, 1898.]

GEORGE A. ALDRICH, Petitioner, v. SUPERIOR COURT OF
ALAMEDA COUNTY et al., Respondents.

INSANE PERSONS—RESTORATION TO SANITY—CARE OF PROPERTY—PETITION FOR
JUDICIAL INVESTIGATION—CONSTRUCTION OF CODE—GUARDIANSHIP—TRUST
—MANDAMUS.—Section 1766 of the Code of Civil Procedure, authorizing
the superior court to restore a person adjudged insane or incompe-
tent, does not provide for a civil action, and is only applicable to
persons adjudged insane or incompetent for whom guardians have
been appointed under section 1764 of the same code, and does not ap-
ply to the restoration of persons committed to insane asylums for
whom no guardians have been appointed; and *mandamus* does not lie
to compel the superior court to entertain a petition under that section
to have it judicially determined that a person regularly examined and
committed to the state insane asylum, as a person dangerously insane,
is of sound mind and capable of taking care of himself and his prop-
erty and for restoration to capacity, where the petition does not dis-
close any guardianship, but only that the father of the petitioner had
devised property in trust to be turned over to him upon his restoration
to mental soundness and capacity.

APPLICATION to the Supreme Court for writ of mandate
to the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Petitioner.

A. N. Drown, for Respondents.

McFARLAND, J.—This is an original petition for a writ of
mandate to be directed to the said respondents, commanding
them "to proceed to take testimony, and try, hear, and deter-
mine a certain application of said George A. Aldrich, praying
for a determination judicially that said applicant is of sound
mind, capable of taking care of himself and his property, and
for restoration to capacity."

It appears from the affidavit, answer, and admissions of coun-
sel that in the year 1888, upon proceedings regularly instituted
under the provisions of the Political Code concerning insane
persons, the said petitioner, Aldrich, was, by a judge of the
superior court of the county of Alameda, regularly examined

and committed to the state insane asylum at Napa as a person dangerously insane within the meaning of said provisions of the Political Code; and that at the time of the commencement of the proceedings in the superior court hereinafter mentioned said Aldrich was not actually confined in said asylum, but had been permitted to leave the same on his parole. It appears further that the father of said petitioner, who is now deceased, had devised certain property to certain trustees, to be held by them in trust for the benefit of said petitioner during his lifetime, subject, however, to the condition that in the event of the restoration of said petitioner to mental soundness and capacity the said trustees should turn over the said property to said petitioner; and it appears incidentally that the main purpose of the proceeding in the superior court hereinafter mentioned is the recovery of said property by petitioner from said trustees.

In March, 1897, the petitioner filed in the superior court, respondent herein, a petition in which he set up the foregoing facts, and in addition the fact that petitioner was then sane and competent; and prayed that the court investigate the matter of the competency of petitioner, and decree that he is of sound mind and competent to manage his affairs. Mistress Barton, a sister of petitioner and his only relative residing in the county, appeared; and said trustees also appeared and filed an answer. The court proceeded with the investigation and heard all the evidence offered by the petitioner. After the petitioner had closed his evidence, said trustees, by their attorney, moved to dismiss the proceeding upon the ground of want of jurisdiction by the court. The court took the motion under advisement, and a few days thereafter made the following order, which was entered upon the minutes: "The above entitled matter coming on this day regularly for further hearing, comes now into court, W. H. Cook, counsel for petitioner, and A. N. Drown, counsel for executors, and after further argument by respective counsel, the court being fully advised in the premises, it is ordered that the said application be and the same is hereby dismissed." Thereupon the said George A. Aldrich filed his present petition in this court for a writ of mandate as aforesaid.

Counsel for respondents contends that under any view the writ of mandate will not lie here, because the court below in

making the order complained of acted judicially, and thus determined the matter before it, and that its judicial discretion thus exercised cannot be reached by *mandamus.* We do not, however, deem it necessary to pass upon the correctness of this position, as we think the petition for mandate must be denied upon other grounds.

The proceeding in which the court below made the order complained of here was clearly not an ordinary civil action either at law or equity. It could be instituted and maintained only if warranted by some special statutory provision. But there is no such statutory provision. It is contended by respondents, and admitted by petitioner, that the proceeding is sought to be maintained under section 1766 of the Code of Civil Procedure. But that section clearly applies only to a case where, under the special proceedings provided for by the preceding sections—1665, 1763, and 1764—a superior court had appointed a guardian as required by section 1764, which provides that "If, after a full hearing and examination upon such petition, it appear to the court that the person in question is incapable of taking care of himself and managing his property, such court must appoint a guardian of his person and estate, with the powers and duties in this chapter provided." It does not apply to cases where persons violently insane have been committed to an insane asylum by a superior judge, under the provisions of the Political Code, because their liberty would "endanger health, person, or property." This was so declared in *Kellogg v. Cochran,* 87 Cal. 197, where this court said: "The provision in section 1766 of the Code of Civil Procedure, authorizing the court to restore the person adjudged insane or incompetent to capacity, is only applicable to persons adjudged insane or incompetent and for whom guardians have been appointed under section 1764 of the same code. The application of it to persons committed to asylums would be utterly inconsistent with the government of those institutions according to the requirements and regulations of the Political Code." The said sections of the Code of Civil Procedure are in the chapter on "Guardian and Ward," and deal with that subject alone. Whether or not the present petitioner could maintain an action regularly instituted in a court of equity against said trus-

tees for the purpose of compelling them to restore to him the trust property—in which said trustees and all other necessary parties were made defendants—is a question not now before us. It is sufficient to say that said section 1766 does not apply to the case made by the petitioner in the court below.

The prayer of the petitioner is denied, and the proceeding dismissed.

Van Fleet, J., Garoutte, J., and Harrison, J., concurred.

HENSHAW, J.—I dissent. I think petitioner is entitled to a determination upon the merits under his application to the superior court.

Temple, J., concurred in the dissent.