[S. F. No. 2698.   In Bank.—December 5, 1901.]

GEORGE ALBERT ALDRICH, by his Guardian ad Litem, Petitioner, v. SUPERIOR COURT, etc., Respondent.

MANDAMUS—RESTORATION OF INSANE PERSON—JUDGMENT OF SUPERIOR COURT—DISMISSAL FOR WANT OF JURISDICTION—REMEDY BY APPEAL. —Upon the dismissal by the superior court of the city and county of San Francisco, for want of jurisdiction, of a petition for the restoration to legal capacity of one who had been adjudged insane by the superior court of Alameda County, and who has been released from the asylum on parole, whether such petition be considered as an action or special proceeding, the petitioner has a plain, speedy, and adequate remedy by appeal from the judgment, and *mandamus* will not lie to compel the court or the judge thereof to proceed with, and try, hear, and determine such petition.

PETITION for writ of mandate to the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Fred Woodworth, for Petitioner.

Drown, Leicester & Drown, and A. N. Drown, for Respondent.

McFARLAND, J.—This is an original petition here, upon notice, for a writ of *mandamus* commanding the respondent to hear and determine a certain application made by petitioner in the said superior court.   The respondent appeared and filed a demurrer to the petition, and also an answer, and the matter was heretofore argued and submitted.

The material facts are these: The petitioner, Aldrich, was on May 24, 1888, regularly adjudged by the superior court of Alameda County to be insane and dangerous to be at large, and to be confined in the Napa Insane Asylum; and he was thereupon, at said time, delivered to and taken charge of by the authorities of said asylum.   No order or judgment for his discharge, as restored to sanity, has ever been made or entered by the superintendent of said asylum or by the lunacy commission, nor has any application been made to either of them for such discharge, nor has there been any judgment for his dis-

charge made by any court, upon *habeas corpus* or otherwise. In March, 1897, he filed a petition in the superior court of Alameda County for an adjudication that he was of sound mind, etc., and that he be restored to legal capacity; but, after hearing, that court rendered judgment dismissing the petition. Afterwards he applied to this court for a writ of *mandamus* to compel the said superior court of Alameda County '' to proceed to take testimony, and try, hear, and determine '' his said petition; but this court denied the writ. (See *Aldrich* v. *Superior Court*, 120 Cal. 140, where certain facts of the case are stated.) It appears that after he had been confined in the asylum for several years he was allowed by the authorities thereof to go out of the asylum on parole.

Afterwards, on September 12, 1900, said Aldrich filed another application in the superior court of San Francisco (respondent in this present proceeding), in substance similar to his said former application to the superior court of Alameda County, again asking to be adjudicated to be of sound mind and to be restored to his legal capacity. In that proceeding he served notice on the district attorney, who did not appear; but A. N. Drown, an attorney at law, was allowed to appear and represent certain relatives of said Aldrich and certain trustees who held property in trust for said Aldrich under a will of his father. (The facts as to this trust are stated in the opinion in *Aldrich* v. *Superior Court*, 120 Cal. 141.) The matter was set regularly for trial on a certain day, and, after a hearing, the court entered judgment dismissing the application. The judgment was put upon the ground of want of jurisdiction. This present proceeding in *mandamus* is for the purpose of having the said superior court and the judge thereof commanded to '' proceed with, and try, hear, and determine said application '' of said Aldrich.

Respondent contends, among other things, that the superior court having acted, by entering judgment, *mandamus* will not lie to compel it to reverse its judgment and act differently; that, as matter of law, the court had no jurisdiction of said application; and that all questions involved here were definitely settled against petitioner's contention by the decision in said case of *Aldrich* v. *Superior Court*, 120 Cal. 140; but these contentions need not be here considered, because, as also contended by respondent, the petitioner had a plain and adequate

remedy by appeal, and for that reason *mandamus* cannot here be maintained. If the proceeding sought to be instituted by the said application to the superior court of San Francisco was one provided for in our system of procedure or in any way recognized by our law, it was either an " action " or a "special proceeding" (Code Civ. Proc., secs. 20, 21, 22, 23); and, under either view, the final judgment entered therein was appealable (Code Civ. Proc., sec. 963). Such appeal would be " a plain, speedy, and adequate remedy in the ordinary course of law," within the meaning of section 1086 of the Code of Civil Procedure, and, therefore, the writ of *mandamus* does not lie.

The prayer of the petition is denied, and the proceeding is dismissed.

Garoutte, J., Van Dyke, J., Temple, J., and Beatty, C. J., concurred.

Rehearing denied.