[Civ. No. 636. Second Appellate District.—October 27, 1909.]

EARL B. SMITH, Respondent, v. W. E. HYER, Appellant.

NONSUIT—REVIEW UPON APPEAL—EXCEPTION TO RULING—STATEMENT—
BILL OF EXCEPTIONS.—It is the settled law of this state that the
improper granting of a nonsuit is an error of law, and that prior
to the amendment to section 647 of the Code of Civil Procedure, in
1909 (Laws 1909, p. 586), could be reviewed upon appeal only where
an exception was entered at the time of the ruling, and the same
was specified in the motion as a ground for new trial, or was em-
bodied in a bill of exceptions to be used upon appeal from the judg-
ment, showing that such exception was taken when the order was
made.

ID.—ORDER GRANTING NEW TRIAL—GENERAL RULING—SUPPORT ON ANY
GROUND ASSIGNED.—Where an order granting a new trial is general,
though it cannot be sustained on a ground of nonsuit which was
not excepted to, yet it will be sustained upon appeal if it is good on
any ground assigned.

ID.—GROUND OF NEWLY DISCOVERED EVIDENCE—DISCRETION OF TRIAL
COURT.—An order granting a new trial based on the ground of
newly discovered evidence is addressed to the discretion of the trial
court, and its determination will not be interfered with if no clear
abuse of discretion appears.

ID.—CONSIDERATION OF CUMULATIVE EVIDENCE.—The determination of the
effect of newly discovered evidence which is cumulative is peculiarly
within the province of the trial court, and if, in its opinion, the
newly discovered evidence was such as, had it been considered in the
first instance, would have changed the result, it was the duty of
the court to grant a new trial, and the granting of it amounts to
a declaration that the new evidence would have had that effect had
the same been actually produced upon the original hearing.

APPEAL from an order of the Superior Court of Riverside
County vacating a judgment of nonsuit and granting a new
trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

P. N. Myers, for Appellant.

Earl B. Smith, Respondent *in pro. per.*

ALLEN, P. J.—The action is one upon a promissory note
executed by defendant to the assignor of plaintiff. The lat-

ter is shown by the record to be an attorney at law and appearing in the action *in propria persona.* The note was admitted in evidence together with evidence tending to show that the assignment to plaintiff was one for collection purposes only.

Upon the conclusion of the evidence offered on behalf of plaintiff a motion for a nonsuit was granted, the effect of which was to grant a judgment of dismissal as against plaintiff. The trial court, as appears from the reasons assigned for granting such motion, was of opinion that an action brought by an attorney upon a note so assigned could not be maintained. This upon the theory that the policy of the law forbids such a transaction, and courts should not grant relief where such facts are made to appear. The plaintiff did not except to the ruling of the court in granting this motion, but thereafter in due time interposed a motion for a new trial based upon newly discovered evidence material for the party making the application which he could not with reasonable diligence have discovered and produced at the trial, and supported such motion by an affidavit used upon the hearing. This affidavit was largely cumulative, but tended in a degree to establish the grounds of the motion, and was by the court held sufficient for the purposes intended. The court upon the hearing of the motion for a new trial granted the same, and from the order granting the new trial defendant appeals under the alternative method.

A motion to dismiss the appeal was, by stipulation, ordered submitted with the appeal upon the merits. Entertaining the views hereinafter expressed, we do not consider it necessary to discuss the matters involved in the motion to dismiss the appeal, which, even if sustained, would but have the effect to affirm the order, which result is attained by an affirmance upon the merits, which we think proper in the premises.

It is settled law in this state that the improper granting of a nonsuit is an error of law, and prior to the amendment of section 647, Code of Civil Procedure (Stats. 1909, p. 586), could be reviewed by an appellate court only where an exception was entered at the time of the ruling and the same was specified in the motion as grounds for a new trial, or upon an appeal from the judgment based upon a bill of exceptions disclosing that such exception was taken at the time the order

was made. But the motion for a new trial in this case was not entirely based upon the error of law involved in the nonsuit. The order granting the motion is general, and must be sustained, if good, on any of the grounds upon which the motion was based. The granting or refusing of a new trial on the ground of newly discovered evidence is so far within the discretion of the trial court that its determination will not be interfered with, unless there is a clear abuse of discretion. The determination of the effect of newly discovered evidence which is cumulative is peculiarly within the province of the trial court (*Hubbell Oil Co.* v. *Morrison,* 7 Cal. App. 459, [94 Pac. 589]) ; and if, in the opinion of the trial court, the newly discovered evidence was such as, had it been considered in the first instance, would have changed the result, it was the duty of the court to grant a new trial. The action of the court in granting this new trial amounts to a declaration that such effect would have been given by the court to the newly discovered evidence had the same been actually produced upon the original hearing.

We see no error in the record sufficient to warrant a reversal, and the order is therefore affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1909.