[S. F. No. 10634. In Bank.—December 17, 1923.]

JULIE GRINBAUM, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] GUARDIAN AND WARD—SECTION 1766, CODE OF CIVIL PROCEDURE—APPLICABILITY OF.—Section 1766 of the Code of Civil Procedure is only' applicable to persons adjudged insane or incompetent for whom guardians have been appointed under section 1764 or section 1793 of the Code of Civil Procedure.

APPLICATION for a Writ of Mandate to compel a judge of the Superior Court of the City and County of San Francisco to transfer a certain proceeding to another judge. Frank H. Dunne, Judge. Application dismissed.

The facts are stated in the opinion of the court.

John Francis Neylan, Edmond E. Herrscher and Philip S. Ehrlich for Petitioner.

Morrison, Dunne & Brobeck and John J. Barrett for Respondents.

WILBUR, C. J.—This is a petition for a peremptory writ of mandate requiring the respondent Frank H. Dunne, judge of the superior court, to perform the acts required by him under section 170 of the Code of Civil Procedure for the selection of another judge for the trial of the proceedings in the matter of the guardianship of Julie Grinbaum, the petitioner, now pending before him for her restoration to capacity after the denial by respondent of her motion for such transfer, based upon affidavits alleging that the respondent is disqualified by reason of bias and prejudice to hear such proceeding.

The only points presented by the parties in connection with this application are with relation to the disqualification of the judge. We have, however, this day rendered decisions holding that the appointments of a guardian of the person and a guardian of the estate of Julie Grinbaum were made without jurisdiction and void. **[1]** The proceedings herein were inaugurated under and by virtue of the provisions of section 1766 of the Code of Civil Procedure. This section is only applicable to persons adjudged insane or incompetent for whom guardians have been appointed under section 1764 of the Code of Civil Procedure, or section 1793 of the Code of Civil Procedure. (*Kellogg* v. *Cochran,* 87 Cal. 192 [12 L. R. A. 104, 25 Pac. 677] ; *Aldrich* v. *Superior Court,* 120 Cal. 140 [52 Pac. 148].)

Having reached the conclusion that such guardian has not been appointed, it is unnecessary to determine the application for a writ of mandate to compel the respondent judge, Frank H. Dunne, to transfer the proceedings to another judge or department; for the reason that the proceedings for a restoration to capacity are based upon a false premise, namely, that a guardian of the person and a guardian of the estate have been appointed. Inasmuch as the only question before us relates to the qualifications of the respondent judge to try the proceedings now pending before him, it is unnecessary to pass upon the jurisdiction of the superior court of the city and county of San Francisco to entertain proceedings based upon section 2189 of the Political Code, or other appropriate proceedings to determine the present men-

tal capacity of Julie Grinbaum. The question involved in the application having thus become a moot question, the petition for writ of mandate is dismissed.

Lawlor, J., Lennon, J., Kerrigan, J., Myers, J., and Waste, J., concurred.