[Civ. No. 5599.   First Appellate District, Division One.—February 5, 1926.]

## THE CARTON CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

[1] NEW TRIAL—ERROR OF LAW OCCURRING AT TRIAL—NONSUIT.—The action of a trial court in improperly granting or denying a motion for nonsuit, whether made upon the opening statement or after the close of the evidence, is an error of law occurring at the trial which is ground for a new trial.

[2] ID.—LACK OF JURISDICTION—DETERMINATION NOT CONCLUSIVE—DUTY OF COURT—MANDAMUS.—A writ of mandate will lie to compel a court to hear and determine matters which are within its jurisdiction and which properly come before it, where it has erroneously determined that it is without jurisdiction; and such determination is not conclusive where there is no question of fact or of the sufficiency of the facts involved in its ruling.

[3] ID.—APPEAL FROM JUDGMENT—MATTERS REVIEWABLE—SECTION 956, CODE OF CIVIL PROCEDURE.—Under section 956 of the Code of Civil Procedure, any orders made upon a motion for a new trial may be reviewed upon an appeal from the judgment, including an order dismissing the motion, but such orders are no longer directly appealable.

[4] APPEAL—ADEQUATE REMEDY AT LAW—SECTION 1086, CODE OF CIVIL PROCEDURE—MANDAMUS.—An appeal affords a plain, speedy, and

---

1.   See 20 Cal. Jur. 137.
2.   See 16 Cal. Jur. 819; 18 R. C. L. 295.
3.   See 2 Cal. Jur. 827.
4.   See 16 Cal. Jur. 787; 18 R. C. L. 133.

adequate remedy not only where jurisdiction has been exceeded, but where there has been a refusal to exercise it; and the remedy by appeal is not inadequate within the contemplation of section 1086 of the Code of Civil Procedure because ordinarily it requires more time in its pursuit than either a proceeding in prohibition or *mandamus*.

(1) 29 **Cyc.**, p. 785, n. 77, p. 786, n. 82.    (2) 38 **C. J.**, p. 610, n. 79.    (3) 3 **C. J.**, p. 505, n. 55, p. 507, n. 61, p. 509, n. 65; 4 **C. J.**, p. 682, n. 81.    (4) 38 **C. J.**, p. 558, n. 74, p. 565, n. 24, p. 567, n. 32, p. 614, n. 9.

PROCEEDING in Mandamus to direct the Superior Court of Alameda County to hear and determine a motion for a new trial. John D. Murphey, Judge. Writ denied.

The facts are stated in the opinion of the court.

Joseph C. Meyerstein and Frank Webster for Petitioner.

Crosby, Naus & Crosby and Girard Richardson for Respondent.

CASHIN, J.—A petition for a writ of mandate directing the Superior Court in and for the County of Alameda to hear and determine a motion for a new trial.

It appears that in an action pending in respondent Court issues of fact are raised by the pleadings; that the cause having come on for trial, evidence was adduced by the plaintiff (who is the petitioner here) in support of the allegations of its complaint, and that upon the conclusion of the latter's case a motion by the defendant for a nonsuit, on the ground that plaintiff had failed to prove a sufficient case for the jury, was granted. Thereafter and within the time provided by statute petitioner served and filed a notice of intention to move for a new trial upon the minutes of the Court and the pleadings and papers filed in the action, stating as one of the grounds therefor errors of law occurring at the trial and excepted to by plaintiff. Therewith was served a notice of the time and place of making the motion. Defendant thereafter moved to strike from the files the notices mentioned, which motion was granted.

It is urged by respondent that the facts stated do not bring petitioner's motion within the purview of the statute

providing for the granting of new trials, and, further, that the judgment upon the motion for a nonsuit being appealable, petitioner has by that means a plain, speedy, and adequate remedy in the ordinary course of law.

[1] That the action of the court in improperly granting or denying a motion for a nonsuit, whether made upon the opening statement or after the close of the evidence, is an error of law occurring at the trial, and that such error is ground for a new trial, has been repeatedly declared by the decisions of the courts of this state (*Stow* v. *Superior Court*, 178 Cal. 140 [172 Pac. 598]; *Smith* v. *Hyer*, 11 Cal. App. 597 [105 Pac. 787]; *Converse* v. *Scott*, 137 Cal. 239 [70 Pac. 13]; 20 Cal. Jur. (New Trial), secs. 89, 90).

It being our view that the cases cited have established the rule as the law of this state, it will be unnecessary to discuss the decisions of the courts of other states cited by respondent or the argument of counsel for the latter other than to point out the distinction between the cases of *Abbey Land & Imp. Co.* v. *San Mateo*, 167 Cal. 434 [Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408, 139 Pac. 1068], and *Stow* v. *Superior Court, supra*, which, it is contended by respondent, are in conflict. In the former it was held that there had been no trial of the cause upon issues of fact, the case having been submitted for decision upon the pleadings, and that therefore a motion for a new trial could not be entertained; whereas in the latter the court carefully stated as the grounds for its decision that the judgment there in question was not upon the pleadings, but that the situation presented was that upon the trial of issues of fact, under pleadings which had passed demurrer, proffered testimony was rejected upon the ground that it could not be relevant under the complaint, believed by the court to be insufficient; that plaintiff stood upon his pleading, and the court gave judgment against him. It was therefore held that the judgment was in essence one of nonsuit; that the ruling was reviewable as an error in law occurring at the trial, and was ground for a new trial.

The distinction between the determination of the legal effect of the ultimate facts in issue and that of the probative effect of the evidence adduced in support of such facts as affecting the power of the trial court to entertain a motion

for a new trial is also pointed out in *Monteverde* **v.** *Superior Court,* 60 Cal. App. 252, 259 [212 Pac. 690].

We hold, therefore, that under the California cases cited a motion for a new trial could properly be entertained in the instant case.

This brings us to the question raised by respondent as to the proper remedy to be pursued by petitioner.

[2]   The determination by a court that it is without jurisdiction is not conclusive where there is no question of fact or of the sufficiency of the facts involved in its ruling.   The law especially enjoins the duty of hearing and determining all matters which are within its jurisdiction and which come properly before it; and a writ of mandate may issue in a case where such determination is erroneous (*Cahill* v. *Superior Court,* 145 Cal. 42 [78 Pac. 467]).

Such being the rule it remains to be considered whether petitioner has in the premises a plain, speedy, and adequate remedy in the ordinary course of law (Code Civ. Proc., sec. 1086).

[3]   As held in *Hughes* v. *De Mund,* 195 Cal. 242 [233 Pac. 94], any order made upon a motion for a new trial may be reviewed upon an appeal from the judgment (Code Civ. Proc., sec. 956), including, as there stated, an order dismissing the motion, and such orders are no longer directly appealable.   It is not contended by petitioner that grounds for a new trial existed other than the alleged error in granting the motion for a nonsuit.   From that judgment an appeal would lie (*Commins* v. *Guaranty Oil Co.,* 29 Cal. App. 139 [154 Pac. 882]; *Brown* v. *Sterling Furniture Co.,* 175 Cal. 563 [166 Pac. 322]), upon which the alleged error could be reviewed (Code Civ. Proc., sec. 956; *Converse* v. *Scott,* 137 Cal. 239 [70 Pac. 13]).   But it is urged that such appeal, owing to the delay involved does not furnish the speedy and adequate remedy contemplated by section 1086 of the Code of Civil Procedure.

[4]   It has been uniformly held that an appeal affords a plain, speedy, and adequate remedy not only where jurisdiction has been exceeded, but where there has been a refusal to exercise it; that the remedy by *mandamus* or prohibition is given only in exceptional cases, and that the remedy by appeal is not inadequate because ordinarily it

requires more time in its pursuit than either a proceeding in prohibition or *mandamus* (*Lightner Mining Co.* v. *Superior Court*, 14 Cal. App. 642 [112 Pac. 909]; *Agassiz* v. *Superior Court*, 90 Cal. 103 [27 Pac. 49]; *Aldrich* v. *Superior Court*, 135 Cal. 12 [66 Pac. 846]; 16 Cal. Jur. (Mandamus), sec. 19).

No facts being shown in the instant case which fairly create an exception to the general rule stated, and it appearing that an appeal from the original judgment will furnish a speedy and adequate remedy for the correction of the alleged error, the writ is denied.

Tyler, P. J., and Knight, J., concurred.