[Civ. No. 11239. First Appellate District, Division Two.—August 12, 1940.]

Mrs. W. A. ALLEN et al., Respondents, v. CALIFORNIA MUTUAL BUILDING AND LOAN ASSOCIATION (a Corporation) et al., Appellants; T. J. EDWARDS, Intervener and Respondent.

Walter Carrington, Patrick J. Kearns and D. T. Jenkins for Appellants.

Gillis & Edwards for Intervener and Respondent.

F. W. Sawyer for Respondents.

STURTEVANT, J.—The defendant, California Building and Loan Association, was organized in 1889. It continued to do business down to the 23d day of January, 1933, when it went into liquidation and the defendant Justus Craemer, the then building and loan commissioner, took control. Prior to the date of liquidation each of the plaintiffs had become an investor. In 1929 the State Capital Company was organized. It was organized as an agency of, and for the purpose of assisting the California Mutual Building and Loan Association in the transaction of its business. During the period 1929 to 1931 the agents of the California Mutual Building and Loan Association induced the plaintiffs to exchange their investments in it for shares of stock in State Capital Company. In doing so the plaintiffs claim they were defrauded. On February 26, 1936, they filed a complaint pleading such facts and sought to recover a judgment in damages. They did not allege in their complaint that at any time they presented their claims to the building and loan commissioner. On November 17, 1938, the plaintiffs filed a second amended complaint. It likewise contained no allegation regarding the presentation of claims. T. J. Edwards, claiming to be the owner of a passbook and to have superior rights to the assets of California Mutual Building and Loan Association, filed a complaint in intervention. The second amended complaint and the complaint in intervention were answered and the cause was set down for trial on the 5th day of June, 1939. The plaintiffs called George S. Walker, the then building and loan commissioner, as a witness. Before he had given any testimony the defendants interposed an objection to the taking of any evidence on the ground that the plaintiffs' second amended complaint did not state a cause of action. Later that objection was sustained. Still later, on motion of the defendants, the trial court ordered a judgment in their favor on the pleadings in the case. The plaintiffs duly moved for a new trial. That motion was granted. From that order the defendants have appealed.

In their opening brief the defendants contended that the presentation of claims as provided in section 13.16, Act 986,

volume I, Deering's General Laws 1933, as amended in 1935, was a condition precedent to the maintenance by the plaintiffs of this action. In the plaintiffs' brief they controverted that contention. In the reply brief the defendants for the first time presented the point that a motion for a new trial was not proper under the facts hereinabove set forth. Continuing, they claimed that therefore the order granting a new trial should be reversed. (*Hotel Park Cent.* v. *Security-First Nat. Bk.*, 15 Cal. App. (2d) 293 [59 Pac. (2d) 606]; *Abbey Land etc. Co.* v. *San Mateo County*, 167 Cal. 434 [139 Pac. 1068, Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408].) The plaintiffs stress the fact that the trial court sustained an objection to the introduction of evidence. Thereupon they assert they had a right to make a motion for a new trial for the purpose of having reviewed an ''error in law occurring at the trial and excepted to by the party making the application''. (Code Civ. Proc., sec. 657, subd. 7.) They then claim that because the court thereafter granted a motion for judgment on the pleadings they were not deprived of their right to make a motion for a new trial. They cite and rely on *Moore* v. *Bates*, 46 Cal. 29; *Green* v. *Duvergey*, 146 Cal. 379, 385 [80 Pac. 234]; *Stow* v. *Superior Court*, 178 Cal. 140, 142–145 [172 Pac. 598]; *People* v. *Garcia*, 98 Cal. App. 702, 705 [277 Pac. 747]; *Johnson* v. *Superior Court*, 121 Cal. App. 288, 292 [8 Pac. (2d) 1047]. ■ We think the defendants are in error and that the contention of the plaintiffs must be sustained. The difference between the two lines of cases is not broad, but nevertheless it is clear. It is settled law and has been for many years, that an order granting a motion for a nonsuit, whether the motion is based on the opening statement or after the close of the evidence, may be reviewed on a motion for a new trial. (*Carton Corp.* v. *Superior Court*, 76 Cal. App. 434, 436 [244 Pac. 932], and cases there cited.) It is also settled law that an order ruling on a motion may not be reviewed on a motion for a new trial. (20 Cal. Jur. 19, New Trial, sec. 7.) In accord with that rule a motion for judgment on the pleadings, not accompanied or associated with other rulings made at the time of the trial, falls within the rule last stated. (*Abbey Land etc. Co.* v. *San Mateo, supra.*) ■ But when on an examination of the entire record it appears the trial court sustained an objection of the defendants to the introduction of any evidence by the

plaintiffs on the ground the plaintiffs' complaint failed to state a cause of action, and continuing it ordered judgment on the pleadings in favor of the defendants, such proceedings are, in effect, the granting of a nonsuit and the same may be reviewed by a motion for a new trial. (*Stow* v. *Superior Court,* 178 Cal. 140, 142–145 [172 Pac. 598].) And the fact that the judgment recites it was based on the pleadings is not controlling. (*Stow* v. *Superior Court, supra.*) The case entitled *Hotel Park Cent.* v. *Security-First Nat. Bk., supra,* refers to an ''attempted motion for a new trial'', and contains some language at variance with what we have said. But, if it was meant to hold that under the facts of that case a new trial did not lie, the case was not supported by the Abbey case in which the facts were different and it was in conflict with the Stow case in which the facts were similar. All we have said finds support, *arguendo* at least, in *City of Pasadena* v. *Superior Court,* 212 Cal. 309 [298 Pac. 968], and *Carton Corp.* v. *Superior Court, supra.* In the latter case the authorities are carefully reviewed and we have but followed that court's conclusions. (See, also, vol. 1, Hayne on New Trial and Appeal, rev. ed., p. 9, sec. 1.) For the foregoing reasons we think it may not be said that the plaintiffs were not entitled to move for a new trial.

■ The defendants contend that the plaintiffs' complaint was insufficient because the plaintiffs wholly omitted to plead that they presented their claims to the commissioner as required by the provisions of section 13.16, *supra.* The plaintiffs reply that they were and are ''investors'' within the terms of said statute and were not bound to present their claims. To that reply the defendants assert it is true the plaintiffs alleged in paragraph III of their pleadings that they were investors, but that in paragraph X they specifically alleged that in 1929–1931 they *exchanged* their interests for shares of the capital stock in State Capital Company and that such allegation is controlling. (*Little* v. *Union Oil Co.,* 73 Cal. App. 612, 619 [238 Pac. 1066].) If there were no other facts involved that assertion would be quite persuasive. But there are many other allegations. The plaintiffs alleged that by the fraudulent representations of the defendant corporation they were induced to exchange securities, issued by the defendant corporation, for securities of State Capital Company, an agent of said defendant; that such exchange

was not based on any consideration moving from plaintiffs to defendant; that the defendant corporation still holds the securities which the plaintiffs delivered to it; and that all of said facts appear on the books and records of said defendant. In other words they alleged in effect that there was merely an exchange in form but not in fact, and that the transaction was a mere change in the form of accounts between the plaintiffs and the corporate defendant. Manifestly if these allegations are true, and the defendants' motions admitted the truth thereof, it is clear the plaintiffs are and at all times have been *"investors"* in the defendant corporation. We are unable to say, therefore, that the plaintiffs' complaint did not state facts sufficient to constitute a cause of action.

■ Stating our views in a different form, these propositions are clearly presented by the record. The plaintiffs claim to be investors and entitled to recover as such. . They were entitled to plead an action to quiet title. That they have done and more too. In the supposed action to quiet title the defendants would have been entitled to plead the alleged exchange. As by replication the plaintiffs would have been entitled to prove the alleged fraud. Under such pleadings and proof they would have been entitled to relief. (*Moore* v. *Copp,* 119 Cal. 429 [51 Pac. 630]; *Weizstein* v. *Thomasson,* 34 Cal. App. (2d) 554, 557 [93 Pac. (2d) 1028].) We may not say they should be precluded because they have pleaded too much.

■ It may be said the plaintiffs sued to recover damages. True, but their complaint was answered and they may be awarded such relief as comes within the issues. (Sec. 580, Code Civ. Proc.) If they establish their claim as alleged, the trial court may find they are still the owners of their original certificates and, if so, they will then be entitled to present them to the defendant commissioner and share in subsequent dividends as provided in Act 986, *supra.* ■ Section 13.16, paragraph 3, contains this sentence: "Any investor, without presenting a claim, shall be entitled, as to any dividends *hereafter* declared, to share in such dividends to the extent, and in the proper relative order of priority, of any claim shown by the books of the association to exist in his favor against the association." (Italics ours.)

As the action must go back to the trial court for further proceedings, it should be stated that we notice the use of the word "hereafter" in the statute we have just quoted. It is evidently a misprint for "thereafter". Any other construction would lead to absurd results. To illustrate, let us assume that since September 1, 1935, dividends have been declared and paid as provided in Act 986, *supra*. The sentence we have quoted took effect on the date last mentioned. According to the meaning of said sentence as it is written, all sums so paid would have to be recalled, reapportioned, and these plaintiffs included. As stated above that would be an absurdity. Construing the word as *thereafter* instead of *hereafter,* the sentence has a reasonable meaning. Those who delay in presenting their claims lose their rights to participate in dividends theretofore declared and paid, but after their claims have been presented, as in said sentence provided, they are then entitled to the rights provided therein.

The order appealed from is affirmed.

Nourse, P. J., concurred.

SPENCE, J., Dissenting.—I dissent. The specific allegations contained in the pleadings were controlling. (*Little* v. *Union Oil Co.,* 73 Cal. App. 612 [238 Pac. 1068]; *Aitken* v. *Stewart,* 129 Cal. App. 38 [18 Pac. (2d) 988].) I believe that the specific allegations contained in the pleadings of both plaintiffs and the plaintiff in intervention showed that said parties had ceased to be "investors" in the association, within the meaning of section 13.16 of the Building and Loan Act, long before the take-over of the association by the commissioner in 1933. Under said section 13.16 they were required to present their claims within the time prescribed by said section or their causes of action, if any, were barred. This action for damages was not commenced until 1936. It was not alleged in any of the pleadings that any of these claimants had ever presented any claim. The parties stood upon their pleadings and stated that they did not intend to prove the presentation of any claim as provided in said section 13.16. I am therefore of the opinion that the trial court properly entered judgment on the pleadings in favor of the defendants; that it erred in granting a new trial; and that the order granting a new trial should be reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 11, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 10, 1940.