[Civ. No. 2736. Fourth Dist.—May 19, 1941.]

BENJAMIN CASTILLO, as Administrator, etc., Respondent, v. JOHN W. WARREN et al., Appellants.

904

Gray, Cary, Ames & Driscoll and John M. Cranston for Appellants.

F. L. Richardson and Joseph S. Campbell for Respondent.

GRIFFIN, J.—Plaintiff and respondent brought this action in the capacity of administrator to recover damages for the death of the intestate which death he alleged was caused by the malpractice of the defendant and appellant doctor, John W. Warren, and the defendant and appellant Paradise Valley Sanitarium and Hospital in the treatment of respondent's intestate at the time she gave birth to her child. After the close of plaintiff's case, the trial court granted defendants' motion for a nonsuit and judgment was thereafter entered for defendants. Subsequently, the trial court granted plaintiff's motion for a new trial and this appeal is taken by defendants from this order.

The evidence shows that on June 12, 1938, the decedent was about to give birth to a child, and at that time decedent's sister requested appellant Dr. Warren, agent and servant of the Paradise Valley Sanitarium and Hospital, to take charge of the case. Subsequent to this call and on the same day, the appellant hospital sent a student nurse to the home of the decedent at about 2:30 o'clock in the afternoon and she remained in charge of the case until the arrival of the appellant doctor at about 9 P. M. of that day. After that time the appellant doctor remained in attendance upon decedent until the child was born at 11 o'clock that evening. After the birth of the child he remained with the patient until 1:30 A. M. of June 13th, at which time he and the nurse left the patient in charge of the patient's sister, who was a person who was not experienced in taking care of sick persons. Appellant Warren agreed to return at 8 A. M. but did not do so and the patient being in a great deal of pain and calling for something to relieve her, the sister made an attempt to contact Dr. Warren and subsequently did

contact him and he returned to attend the patient at about 11 A. M. of that day. When he returned he found the patient in a pool of blood and after some further examination and an attempt to remove the placenta, went away and left her again in charge of her sister and did not return until the evening of that day at which time he advised that the patient be sent to the hospital for the purpose of a blood transfusion. Consequently she was sent to the appellant hospital where she arrived at about 8:30 P. M. on June 13th. The brother and sister of the decedent were there ready to give their blood for a transfusion but the giving of the transfusion was postponed until the following morning. Subsequent thereto, on June 14th, at about 11:30 A. M. the placenta was removed from the uterus of the decedent. This was about 36 hours after the birth of the child. The patient subsequently died.

The two principal acts of negligence alleged were the failure of the appellants to properly attend Mary Castillo after the birth of her child and to give her the usual and ordinary medical treatment which is given under the same or similar circumstances, and the failure of appellants to remove the placenta within the usual and ordinary time. It is contended that by reason of the failure to give such medical treatment and attention the decedent became infected with blood poisoning and as a result thereof died, leaving surviving her three minor children, one of whom was the child born just prior to her death.

Expert medical testimony was given on the question as to the course pursued by the appellant doctor compared to an ordinary practitioner engaged in the practice of medicine. It was testified that in many details it was not such a course as should have been pursued by a skillful and careful surgeon engaged in the same line of work in the city of San Diego at the time in question. Considering the evidence in a light most favorable to respondent, the court would not have been justified in taking the case from the jury and granting a nonsuit on the ground that the evidence was insufficient in so far as it related to the alleged negligence of the defendants.

We will therefore consider the question of the merits of the appeal from the order granting the new trial as framed. On September 5, 1940, the motion for nonsuit was made by

counsel for defendants on two grounds: (1) That the evidence failed to show the legal capacity of the plaintiff to maintain the action in that the proceedings by which the plaintiff was appointed as administrator of the estate of Mary Castillo, deceased, were void; and (2) insufficiency of the evidence to establish negligence. The motion for nonsuit was granted as to defendant John W. Warren on September 11, 1940, and a judgment of dismissal of plaintiff's action was signed. On the same day, notice of entry of judgment was served. September 17, 1940, plaintiff filed a notice of motion for new trial. It specified as grounds for a new trial: (1) Errors of law, occurring at the trial and excepted to by this plaintiff in sustaining defendants' motion for nonsuit; (2) erroneous ruling of the court in reference to the insufficiency of the evidence to sustain plaintiff's capacity to sue. On October 5, 1940, the motion for new trial was heard and determined upon the record and not upon affidavits. Thereafter, the court made the following order: " . . . that the motion of the plaintiff for a new trial in the above entitled action be and the same is hereby granted". No appeal was taken from the judgment of dismissal based upon the order granting the nonsuit. On October 14, 1940, the court signed a *nunc pro tunc* order as of September 11, 1940, correcting the first order granting the nonsuit and judgment of dismissal by making defendant hospital a prevailing party therein.

It will be noted that the first specified claimed error of law was based upon the court's ruling granting a nonsuit for the reason that plaintiff had no legal capacity to sue. It is apparent from the record that the trial court granted the nonsuit on the sole ground that plaintiff had not shown by the evidence his capacity to sue, and that on the motion for new trial the court believed that it had erroneously determined that question, as a matter of law, and therefore for that reason alone, granted the motion for a new trial.

Plaintiff alleged in his complaint that he was the administrator of the estate of Mary Castillo, deceased, and was authorized to bring the action in his official capacity as such. The answer to the complaint put this fact in issue. Defendants claim that plaintiff was thereafter required to establish at the trial his legal capacity to sue and that, as a matter of law, he failed to do this. The undisputed evidence shows that plaintiff's petition for letters of administration, received

in evidence, failed to allege that he was a resident of California and that he had attained the age of majority, and that the order appointing plaintiff administrator, also received in evidence, failed to find on these facts.

It is therefore argued that since plaintiff did not allege these facts in his petition, the purported order appointing the administrator was wholly void and therefore plaintiff had no capacity to bring this action, citing sections 401, 420 and 440 of the Probate Code, *Estate of Gordon,* 142 Cal. 125 [75 Pac. 672] , *Johnston* v. *Southern Pacific Co.,* 150 Cal. 535 [89 Pac. 348, 11 Ann. Cas. 841] , *In re Cloward's Estate,* 95 Utah, 453 [82 Pac. (2d) 336, 119 A. L. R. 123], and *Abelleira* v. *Dist. Ct. of Appeal, Third Dist.,* 17 Cal. (2d) 280 [109 Pac. (2d) 942].

It is further argued that the trial court properly granted the motion for a nonsuit and thereafter improperly granted a motion for new trial; that the jurisdictional defect in plaintiff's appointment has not been corrected; and that therefore the order granting a new trial was erroneously made and should be reversed.

■ The improper granting of a nonsuit is an error of law for which a new trial may be granted under section 657 of the Code of Civil Procedure. (20 Cal. Jur. 137, secs. 89, 90; 8 Cal. Jur. Ten-Year Supp., secs. 89, 90, p. 528; *Stow* v. *Superior Court,* 178 Cal. 140, 144 [172 Pac. 598] ; *Craig* v. *Hesperia L. & W. Co.,* 107 Cal. 675 [40 Pac. 1057] ; *Converse* v. *Scott,* 137 Cal. 239 [70 Pac. 13] ; *Toulouse* v. *Pare,* 103 Cal. 251 [37 Pac. 146] ; *Carton Corp.* v. *Superior Court,* 76 Cal. App. 434 [244 Pac. 932] ; *McClurken* v. *Ralph's Grocery Co.,* 130 Cal. App. 529 [20 Pac. (2d) 66] ; *Domico* v. *Casassa,* 101 Cal. 411, 414 [35 Pac. 1024] ; *Smith* v. *Hyer,* 11 Cal. App. 597 [105 Pac. 787] ; *Valentine* v. *Hayes,* 37 Cal. App. 42 [173 Pac. 410] ; *Kauffman* v. *Maier,* 94 Cal. 269 [29 Pac. 481, 18 L. R. A. 124].)

An order granting a nonsuit is deemed excepted to under section 647 of the Code of Civil Procedure. The evidence in reference to plaintiff's capacity to sue is not in conflict. Before granting the nonsuit the court allowed plaintiff to testify that at the time he filed the petition for appointment as administrator he was in fact a resident of this state and was over 21 years of age.

908

■ We will therefore consider the merits of the question thus presented. The case of *Jerauld* v. *Chambers*, 44 Cal. App. 771 [187 Pac. 33], seems to be determinative of the question here involved. In that case the appointment of an administrator was collaterally attacked upon the ground that the petition for the appointment of the administrator was not signed by the applicant as required by the statute. The court held in that case that the appointment of the administrator was not subject to collateral attack, and said at page 773:

"As the court had jurisdiction of the subject matter, objections to the mode of procedure were questions which could have been raised on an appeal from the order or by a direct attack for lack of jurisdiction or on the ground of fraud or mistake. No appeal having been taken from the order, and no direct attack having been made thereon, it became a final adjudication of the jurisdiction of the court to act, as well as the rights of the parties under the letters issued. In the absence of an appeal or other direct attack upon the order, it is free from a collateral attack in a suit brought by the administratrix in behalf of the estate which she represents. (*Thaxter* v. *Finn*, 178 Cal. 270, 273, 274, 281 [173 Pac. 163, 165, 168].) In other words, letters of administration when not revoked or suspended by a direct attack upon the order appointing the administratrix are sufficient proof of her right to represent the estate in a civil action, unless the record affirmatively shows no jurisdiction to make the appointment."

The record in the instant case fails to affirmatively show no jurisdiction to make the appointment. Section 440 of the Probate Code, after setting forth the facts which the petition must state, also provides:

"No defect of form or in the statement of jurisdictional facts actually existing shall make void an order appointing an administrator or any of the subsequent proceedings."

Section 302 of the Probate Code provides:

"In the absence of fraud in its procurement, an order of the Superior Court granting letters, when it becomes final, is a conclusive determination of the jurisdiction of the court (except when based upon the erroneous assumption of death), and cannot be collaterally attacked." (Enacted 1931.) (See, also, *In re Meisner*, 30 Cal. App. (2d) 290 [86 Pac. (2d) 124].)

We therefore conclude, as the trial court finally concluded as a matter of law, that under the circumstances related and the issues here presented, the collateral attack upon the appointment of the plaintiff as administrator of the estate did not oust the court of jurisdiction nor make the order appointing him as administrator void upon its face and did not therefore deprive plaintiff of his capacity to act.

For the reasons expressed, the order granting the new trial is affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 17, 1941.