[Civ. No. 13736.   Second Dist., Div. Two.   Oct. 30, 1942.]

RUTH   TOAL   HORSTMAN,   Respondent,   v.   JOSEPH
   KRUMGOLD et al., Defendants; SARAJO KRUMGOLD,
   Appellant.

Lasher B. Gallagher for Appellant.

Harry Rabwin and Monroe R. Rubin for Respondent.

WOOD (W. J.), J.—Defendant Sarajo Krumgold has appealed from an order of the trial court granting plaintiff's motion for a new trial as to the second cause of action set forth in the complaint.

Plaintiff commenced the action to recover damages for injuries which she suffered when the automobile driven by defendant, in which she was riding, left the highway and turned over. The accident occurred in the State of Nebraska on July 11, 1940. Plaintiff and defendant were strangers to each other before they took the trip during which the accident occurred and they had agreed to share expenses of the gas and oil. The first cause of action, which was based on the theory that plaintiff was a passenger for compensation, charged defendant with negligence in the operation of the automobile. The second cause of action, which was based upon the theory that plaintiff was a guest in the automobile, charged defendant with gross negligence pursuant to the automobile guest law of the State of Nebraska. When the action was called for trial twelve jurors were called to the jury box and their examination on *voir dire* was commenced, whereupon defendant presented a motion to the court to compel plaintiff to make an election between the first and second causes of action. The motion was granted and plaintiff elected to proceed under the first cause of action. The court then granted defendant's motion to dismiss the second cause of action. When the evidence had all been received the court, on defendant's motion, directed the jury to return a verdict for defendant. Thereafter the court granted plaintiff's motion for a new trial as to the second cause of action.

The court erred in compelling plaintiff to make an election between the two causes of action. Both were based upon the same set of facts and plaintiff had the right to state the facts in different, and if need be, inconsistent counts. (*Goldwater* v. *Oltman,* 210 Cal. 408, 423 [292 P. 624, 71 A.L.R. 871].) A litigant who has stated the facts in different counts so as to meet any possible developments in the evidence may not be required to elect between the various causes of action presented either before the trial or at the close of the case. (21 Cal.

Jur. 232, § 161; *Tanforan* v. *Tanforan*, 173 Cal. 270, 273 [159 P. 709].) If she was uncertain as to whether the evidence would show the defendant was guilty of simple negligence or of willful misconduct she could so frame her complaint as to avail herself of either contingency, by setting forth in one count various allegations as to simple negligence and in another count the allegations as to willful misconduct. Plaintiff was entitled to have both theories submitted to the jury. (45 C.J. 1090, § 663.)

Defendants cite section 656 of the Code of Civil Procedure, in which it is stated that ''A new trial is a re-examination of an issue of fact'' and, asserting that there has been no trial of an issue of fact as to the second count, contend that the court was without jurisdiction to grant the new trial as to such count. Section 656 must be considered in connection with section 590 of the Code of Civil Procedure in which it is provided: ''An issue of fact arises—1. Upon a material allegation in the complaint controverted by the answer.'' In the case now before us an issue of fact arose as to the second cause of action upon material allegations in the complaint which were controverted by the answer. In section 657 of the Code of Civil Procedure it is provided that the verdict must be vacated and a new trial granted on all or part of the issues . . . for an ''error in law, occurring at the trial and excepted to by the party making the application.'' Manifestly, the trial court committed errors in law in compelling plaintiff to elect and in dismissing the second cause of action after the election to stand upon the first count. Our conclusion that the court had authority to grant the motion for a new trial is in line with several decisions of the reviewing courts of this state. In *Stow* v. *Superior Court*, 178 Cal. 140 [172 P. 598], a motion by the defendant for judgment on the pleadings on the ground that the complaint did not state facts sufficient to constitute a cause of action was granted before the introduction of any evidence. The trial court, being convinced later that it had reached the wrong conclusion, granted a new trial. The Supreme Court sustained the order granting the new trial, stating: ''Any erroneous ruling, by virtue of which a party is precluded from introducing evidence in support of his cause of action as set forth in his complaint or his defense, is an error of law occurring at the trial. The action of the court in improperly granting or refusing a nonsuit is also an error

of law, whether made upon the opening statement of counsel or after the close of the evidence in the cause." In *Green* v. *Duvergey*, 146 Cal. 379 [80 P. 234], the trial court refused to permit the introduction of any evidence unless the plaintiff would deposit a certain sum of money with the clerk but the plaintiff declined to obey this preliminary order and a judgment of dismissal was entered. The motion of plaintiff for a new trial was denied but the Supreme Court reversed the order denying the motion for a new trial. In *Allen* v. *California Mut. B. & L. Assn.*, 40 Cal.App.2d 374 [104 P.2d 851], the defendants objected to the receipt of any evidence on the ground that the complaint did not state a cause of action. The objection was sustained and judgment on the pleadings was entered in favor of the defendants. The motion of the plaintiffs for a new trial was granted and the defendants took an appeal. The reviewing court sustained the order of the trial court, holding that the action of the trial court was, in effect, the granting of a nonsuit and could be reviewed on a motion for a new trial. In the case now before us the action of the trial court in dismissing the second cause of action was, in effect, the granting of a nonsuit and was reviewable on motion for new trial.

Defendants refer to the fact that no formal exception was noted by plaintiff when the court made its order requiring her to elect between the two causes of action. Before 1907 it was the practice for lawyers to note exceptions to rulings of the court made during trials, which they wished to have reviewed subsequently. In that year the Legislature, realizing that there was no necessity for frequent interruptions of the court by notations of exceptions, amended the Code of Civil Procedure by providing that the important rulings of the court, which were enumerated, were deemed to have been excepted to. Among the matters which are now, "deemed to have been excepted to," as set forth in section 647 of the Code of Civil Procedure are orders "to strike out a pleading or a portion thereof . . . or an order granting or denying a nonsuit. . . ." The amendment to section 647 of the Code of Civil Procedure has met with much favor and has resulted in improvement in the manner of conducting trials. The old custom of audibly noting exceptions is not generally followed at the present time. The amendment should be liberally construed in order that the rights of litigants be not lost by the

failure of counsel to keep fresh in mind those rulings of the court which are enumerated in the amendment. The record before us discloses that plaintiff vigorously opposed the order requiring her to make an election as to the second count and after the noon recess she requested the court to reconsider its ruling. There is much force in counsel's argument that plaintiff's conduct at the trial was equivalent to the notation of an exception to the court's ruling. We are satisfied, however, that under the code section as now in force the ruling was deemed to have been excepted to, for, as we have seen, the order of the trial court was, in effect, the granting of a nonsuit.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.