[L. A. No. 12493.   In Bank.—April 23, 1931.]

CITY OF PASADENA (a Municipal Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Harold P. Huls, City Attorney, and Frederick G. Stoehr, Assistant City Attorney, for Petitioner.

Libby & Sherwin for Respondents.

THE COURT.—Petitioner filed in this court an original application for a writ of mandate to compel the respondent

court to settle a proposed bill of exceptions, preparatory to an appeal from a judgment of dismissal.

The facts, as set forth in the verified petition, are admitted by respondent, and are as follows:

The City of Pasadena, petitioner herein, commenced an action in the Superior Court of Los Angeles County, for the purpose of condemning certain parcels of real property in accordance with several ordinances of the city ordering the construction of a proposed improvement. This action will hereafter be referred to as the condemnation suit.

Lena A. J. Hutchinson, one of the defendants in the above-named action, subsequently commenced an action in the Superior Court of Los Angeles County for the purpose of enjoining the condemnation suit, and to have declared null and void all steps taken in reference to the improvement above mentioned. This action, which will hereafter be referred to as the injunction suit, proceeded to trial, resulting in a judgment declaring the improvement proceedings null and void, and permanently enjoining the city from taking any further steps in the condemnation suit.

No further steps were taken in the condemnation suit until Lena A. J. Hutchinson, one of the defendants therein, moved to set the case for trial. Over the protests of the plaintiff in that action, petitioner herein, the case was set down for hearing. Petitioner thereupon brought a proceeding in prohibition in the District Court of Appeal to prevent the trial court from further proceeding, on the theory that by the judgment in the injunction suit it had lost jurisdiction of the condemnation suit. The District Court of Appeal held that prohibition would not lie, for the reason that the trial court had jurisdiction to pass upon that very question. (*City of Pasadena* v. *Superior Court,* 92 Cal. App. 523 [268 Pac. 664].)

Lena A. J. Hutchinson, accordingly, again served petitioner herein with a notice of motion to set the condemnation suit for trial. Over the protests of petitioner, the trial court set the case for trial, notice of which was duly served on petitioner. When the condemnation suit was called for trial, petitioner appeared, and objected to any trial being held, on the ground that the city had been permanently enjoined from proceeding in the case. Petitioner then introduced in evidence a certified copy of the complaint, the find-

ings and conclusions, and the judgment and permanent injunction, in the injunction case, refusing to offer any evidence on the merits, because of the injunction. Defendant Lena A. J. Hutchinson thereupon in open court moved to dismiss the condemnation suit. This motion the trial court granted, over the protest of petitioner that it had received no notice of any motion to dismiss, and, on February 28, 1930, made and entered its minute order, dismissing the condemnation suit, with costs to defendant, as provided by section 1255a of the Code of Civil Procedure. Formal judgment was entered March 19, 1930. Petitioner thereupon filed a motion to vacate the judgment and subsequently served and filed a notice of intention to move for a new trial. The motion to vacate and the motion for a new trial were denied on June 2, 1930. On June 9, 1930, petitioner served and filed its notice of appeal from the judgment of March 19th.

On May 31, 1930, and within the time allowed by stipulation, petitioner served its proposed bill of exceptions on counsel for Lena A. J. Hutchinson. On June 9, 1930, counsel served on petitioner a copy of certain proposed amendments to the bill. On June 17, 1930, petitioner filed with the clerk its proposed bill, which proposed bill did not include all the amendments proposed by adverse counsel. On June 30, 1930, the trial court, respondent herein, refused to settle the bill or to make any further order with reference to the same. Petitioner thereupon sought from this court a writ of mandate to compel the trial court to settle its proposed bill of exceptions.

The major point presented on this petition is whether the notice of appeal was filed within the time provided by law. The formal judgment was entered March 19, 1930, and the notice of appeal was not filed until June 9, 1930. We do not deem it necessary to decide whether the sixty-day period prescribed by section 939 of the Code of Civil Procedure started to run from the date of entry of the minute order of February 28, 1930, or from the date of the formal judgment, because, in either event, more than the time provided for has elapsed. Petitioner contends, however, that its time for appeal was extended by reason of its motion for a new trial, by that part of section 939 of the Code of Civil Procedure which provides that: ''If proceedings on motion

for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial . . . ''

Whether this provision of the law is applicable depends upon the question as to whether the proceedings held by the trial court on February 28, 1930, constituted a trial. A new trial is defined by section 656 of the Code of Civil Procedure as ''a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee''. Subdivision 7 of section 657 provides that a new trial may be granted for ''an error in law, occurring at the trial and excepted to by the party making the application''. If the court's decision constituted a ruling on a matter of law *in the trial of a case,* the motion for a new trial was proper, and the time for taking the appeal extended. But if the court's decision was merely a ruling on a motion independent of a trial, the motion for a new trial was not proper, it being well settled that proceedings for a new trial do not lie to secure the re-examination of the decision on a motion. (20 Cal. Jur., p. 19, sec. 7.)

We have been referred to no case, nor has our independent research discovered a case, in this or any other jurisdiction, determining whether proceedings such as are involved here constituted a trial sufficient to permit losing counsel to move for a new trial. The point appears to be one of first impression, at least in this state.

The courts of this state have frequently approved, in substance, the following definition of a trial, found in *Tregambo* v. *Comanche Mill & Min. Co.,* 57 Cal. 501, at page 505: ''A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial.'' (See, also, *Goldtree* v. *Spreckels,* 135 Cal. 666 [67 Pac. 1091], where many definitions of what constitutes a trial are set forth.)

It is well settled that a trial need not involve the determination of a fact, but may consist solely or partially in the determination of an issue of law. However, it seems

fundamental to a proper concept of a trial that the determination of the issue of fact or law involved should be an issue presented by the pleadings, that is, the determination must be of an issue presented in the case. This requirement is to be found running through all the cases.

It has been held, for example, that a trial has been had upon the court's determination of an application to set aside a default. (*Tregambo* v. *Comanche Mill & Min. Co.,* *supra.*) This appears clear because the judgment of default was based on the issues presented by the pleadings, and the application to set it aside was obviously incidental to that determination. It has likewise been held that a trial has been had when a nonsuit has been granted, based on the opening statements of counsel. (*Stow* v. *Superior Court,* 178 Cal. 140 [172 Pac. 598]; *Green* v. *Duvergey,* 146 Cal. 379 [80 Pac. 64].) Likewise, the determination of a case on demurrer constitutes a trial. (*Goldtree* v. *Spreckels,* *supra; Alley* v. *Nott,* 111 U. S. 472 [28 L. Ed. 491, 4 Sup. Ct. Rep. 495].)

On the other hand, it has been held that when a defendant consents to a judgment being entered against him and plaintiff moves for and the court grants the motion for such judgment, there has been no trial, and, therefore, a motion for a new trial is not proper. (*Gray* v. *Cotton,* 174 Cal. 256 [162 Pac. 1019]. See, also, *Abbey Land etc. Co.* v. *San Mateo County,* 167 Cal. 434 [Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408, 139 Pac. 1068].)

From these and other cases that might be cited, we are of the opinion that a trial must necessarily involve the determination of some issue of fact or of law raised by the pleadings or directly connected therewith. ■ In the case at bar, the determination of the motion of Lena A. J. Hutchinson to dismiss on the ground of the failure of the plaintiff to proceed, involved no determination of any issue of fact or law presented in that case, but was entirely disconnected therewith. It is, therefore, our opinion that the decision of the trial court was not rendered in the trial of the case, and the motion for a new trial could not, therefore, extend the time for the filing of an appeal. ■ The appeal having been taken too late, it must, therefore, be dismissed on motion properly made. Since this

is so, the writ of mandate will not issue to compel the settling of a bill of exceptions, it being well settled that the writ will not issue to compel the doing of a useless act. (*Hotchkiss* v. *Superior Court*, 204 Cal. 667 [269 Pac. 524].) This disposes of the main point presented by this petition.

Petitioner next contends that if the motion to dismiss was not made during the trial of an action, the court had no jurisdiction to decide the motion to dismiss over the objection of petitioner, for the reason that it appears that no notice of motion was served on petitioner. It is true, as set forth *supra*, that after the petitioner had introduced a considerable portion of the clerk's transcript in the injunction case, and the defendant therein had moved to dismiss, the petitioner objected to the consideration of the motion on the ground that it had received no notice thereof. Assuming that the validity of the court's decision to consider the motion over petitioner's protest is before us on this petition for a writ of mandate, we are of the opinion that, under the circumstances here presented, no notice was required, petitioner having waived the required notice. It must be remembered that when the condemnation case was called for trial the petitioner herein did not merely take a passive part in the proceedings. Petitioner itself introduced into evidence the very matter that was conclusive of the motion to dismiss, with the knowledge, from the prior proceedings that had been had in the condemnation suit, that the very purpose of the motion to set for trial was to cause a dismissal of the action so as to remove the cloud on Lena A. J. Hutchinson's property, caused by the filing of a *lis pendens* by petitioner. Where a party appears and offers in evidence the very evidence upon which a motion is determined, it appears clear that he has, by such appearance, waived the required notice. (See 18 Cal. Jur., p. 652, sec. 7, where the point generally is discussed.)

The petition is dismissed and the writ discharged.

Rehearing denied.