[L. A. No. 25537. In Bank. Nov. 6, 1959.]

LENKA ADAMS, Petitioner, v. SUPERIOR COURT OF ORANGE COUNTY, Respondent; A. G. MASPERO, as Administrator, etc., Real Party in Interest.

Joseph W. Fairfield and Ethelyn F. Black for Petitioner.

No appearance for Respondent.

Ridley C. Smith, Mize, Larsh, Mize & Hubbard and Delbert L. Larsh for Real Party in Interest.

McCOMB J.—This is a petition for a writ of mandate directing respondent superior court to dismiss an action brought against petitioner (hereinafter termed defendant) by the real party in interest, A. G. Maspero, as administrator of the estate of John G. Gerstacker, deceased (hereinafter termed plaintiff), to quiet title and cancel a deed.

## CHRONOLOGY

1. April 13, 1954, the action was commenced.

2. June 4, 1954, a demurrer to the complaint was sustained and plaintiff given leave to amend.

3. June 24, 1954, first amended complaint was filed.

4. August 3, 1954, a demurrer to the first amended complaint and a motion to strike were overruled.

5. August 10, 1954, an answer to the first amended complaint was filed.

6. June 24, 1955, defendant filed a memorandum requesting that the case be set for trial.

7. July 5, 1955, plaintiff objected to having the cause set for trial. The objection was overruled and the cause set for trial on December 21, 1955.

8. December 21, 1955, the cause was called for trial. Both sides answered ready, and the case was assigned to a trial department. In the trial department counsel for plaintiff called the attorney for defendant as a witness for the purpose of showing grounds for a continuance. No testimony was taken on the issues of the cause, and subsequently, upon motion of plaintiff's counsel, the matter was continued to March 26, 1956, for trial.

9. Thereafter, on plaintiff's motion, the case was continued for trial, over defendant's objection, to June 16, 1956, February 4, 1957, and June 3, 1957.

10. May 21, 1957, defendant filed a motion, returnable on June 3, 1957, to dismiss the action, on the ground that more than three years had elapsed since the commencement of the action.

11. June 3, 1957, defendant's motion to dismiss the action was denied. On plaintiff's motion for a continuance, the trial of the action was continued to December 2, 1957.

12. November 13, 1957, plaintiff filed a motion, returnable

November 25, 1957, to continue the trial of the action, on the ground that the deposition of defendant had not been taken.

13. November 25, 1957, a conference was held in the chambers of the trial judge, pursuant to plaintiff's motion to continue the cause. The court then continued the matter to December 2, 1957.

14. December 2, 1957, the matter was marked off calendar, pursuant to plaintiff's motion, because he had not as yet taken the deposition of defendant.

15. January 7, 1958, pursuant to stipulation, plaintiff took the deposition of defendant.

16. April 17, 1958, plaintiff served defendant with 188 interrogatories, all but four of which were subsequently answered, the trial judge ruling that those four need not be answered.

17. April 18, 1958, defendant moved the trial court to dismiss the action, on the ground that more than three years had elapsed since the action was filed. This motion was denied.

18. April 29, 1958, and May 26, 1958, defendant served plaintiff with her answers to the interrogatories.

19. April 17, 1959, defendant moved the trial court, returnable April 24, 1959, that the action be dismissed on the ground that more than five years had elapsed without the cause being brought to trial.

20. April 24, 1959, defendant's motion to dismiss was denied.

Section 583 of the Code of Civil Procedure provides in part: ''Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. When, however, such defendant has, or has had, an attorney of record for a sufficient time to enable the action to have been tried if the plaintiff had acted with due diligence, such period of absence or concealment shall be a part of said five-year period.''

The action was commenced on April 13, 1954, and the five-

year period expired April 13, 1959. There was no stipulation extending the time of the trial. ■ The provisions of section 583 of the Code of Civil Procedure are mandatory unless plaintiff can bring his case within one of the exceptions made by the statute or within one of the implied exceptions recognized by decisions. (*Tew* v. *Tew,* 160 Cal.App.2d 141, 144 [3] [324 P.2d 625]; *Fisher* v. *Superior Court,* 157 Cal.App.2d 126, 129 [1] [320 P.2d 894]; *Ellsworth* v. *United States Metals Corp.,* 110 Cal.App.2d 727, 728 [1] [243 P.2d 575] [hearing denied by the Supreme Court]; *Douglas* v. *Superior Court,* 94 Cal.App.2d 395, 398 [2] [210 P.2d 853].)

Applying the foregoing rule to the present case, since it is conceded that no stipulation in writing was filed by the parties extending the time for trial beyond five years after the commencement of the action, this is the sole question presented for our determination: *Did the proceedings on December 21, 1955, constitute a trial within the meaning of section 583 of the Code of Civil Procedure?*

*No.* ■ A "trial" is the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by pleadings, for the purpose of determining the rights of the parties. (*Cooney* v. *Cooney,* 25 Cal.2d 202, 208 [153 P.2d 334]; *City of Pasadena* v. *Superior Court,* 212 Cal. 309, 313 [3] [298 P. 968]; *Goldtree* v. *Spreckels,* 135 Cal. 666, 669 [67 P. 1091]; *Finn* v. *Spagnoli,* 67 Cal. 330, 332 [7 P. 746]; *Tregambo* v. *Comanche Mill & Min. Co.,* 57 Cal. 501, 505; *Smith* v. *City of Los Angeles,* 84 Cal.App.2d 297, 301 [190 P.2d 943]; *Booth* v. *County of Los Angeles,* 69 Cal.App. 2d 104, 108 [158 P.2d 401]; cf. *J. C. Penney Co.* v. *Superior Court, ante,* pp. 666, 670 [7] [343 P.2d 919].)

The decision in *Miller & Lux Inc.* v. *Superior Court,* 192 Cal. 333, 342 [219 P. 1006], is not inconsistent with the above stated rule. The dicta in that case merely indicated that if a witness had been called and sworn and testimony taken upon any issue in the case and thereafter a continuance granted, there would have been commencement of the trial of the cause. Such a factual situation does not obtain in the present case.

■ At the hearing on December 21, 1955, (1) no evidence was received on any issue of fact, (2) nor was any issue of law raised by the pleadings considered, for the purpose of determining the rights of the parties. The sole purpose of the proceeding was to procure evidence from the attorney for defendant in order for plaintiff to obtain a continuance. It was not a trial within the meaning of section 583 of the Code

of Civil Procedure. Therefore, the trial court erred in failing to grant defendant's motion to dismiss on April 24, 1959.

Let a peremptory writ of mandate issue, directing respondent court to dismiss the action.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., Peters, J., and White, J., concurred.