[Civ. No. 19989.    First Dist., Div. One.    Nov. 29, 1961.]

JOHN W. MASS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Marshall W. Krause and Albert M. Bendich for Petitioner.

Dion R. Holm, City Attorney, George E. Baglin, Deputy City Attorney, and Irving G. Breyer for Respondents.

BRAY, P. J.—Petition for writs of prohibition and mandate to compel the superior court to refrain from setting a certain action for trial and to dismiss said action.

### QUESTION PRESENTED

Does a motion to remand the proceeding to the board of education constitute a "trial" under section 583, Code of Civil Procedure? By such motion was the action "brought to trial"?

### RECORD

Petitioner, while an employee of respondent Board of Education of the San Francisco Unified School District, was suspended from his teaching position for violation of the provisions of section 12604 Education Code (now § 12955). That section deals in pertinent part with the duty of employees of petitioner's status to answer questions of federal and state legislative committees and subcommittees pertaining to the employee's past and present membership in the Communist Party, and designates the penalties of suspension and dismissal for breaches of that duty.

Before the House of Representatives Committee on Un-American Activities, petitioner refused to state whether he had been a member of the Communist Party since he signed a loyalty oath, whether he was a member at the time of his appearance before the commission, and whether his statements

in a loyalty oath were true when made. Petitioner based his refusal to answer upon a claim of privilege against self-incrimination under the Fifth Amendment to the United States Constitution. On December 8, 1953, said board suspended petitioner, and then instituted proceedings before the superior court under section 13529 (now § 13412) of the Education Code, which gives the board an option of filing a complaint in the superior court, setting forth the charges against the employee. Respondent court found that the charges were true and that they justified the dismissal. On appeal, the judgment was reversed and remanded. (*Board of Education* v. *Mass* (1956) 47 Cal.2d 494 [304 P.2d 1015].) The Supreme Court concluded that under then section 12604 of the Education Code, the accused employee must be given a full hearing ''in which he is afforded an opportunity to explain his reasons for claiming the privilege. . . .'' (P. 499.) The court found that no consideration was given to petitioner's reasons for invoking his constitutional right, in that the scope of inquiry had been solely directed to a determination of whether petitioner had refused to answer questions put to him by the commission. Therefore, the court required that a new trial be had according to the requirements set forth in *Slochower* v. *Board of Higher Education* (1956) 350 U.S. 551, 558 [76 S.Ct. 637, 100 L.Ed. 692]. In remanding the case to the superior court, the matter which was presented to that court was not a question of remanding the cause to the board of education, but was the determination by the superior court of ''the sufficiency of defendant's reasons for invoking the privilege'' claimed by him before the board, and the determination of ''[a]ny matter germane to the charges filed against him. . . .'' (*Board of Education* v. *Mass, supra,* 47 Cal. 2d at p. 499.)

The remittitur was filed in respondent court on January 27, 1957. No proceedings were thereafter had until May 29, 1957, when petitioner moved in respondent court that the proceeding be remanded to the board for full hearings in alleged accordance with the remittitur. Petitioner thereby was attempting to get the board to review the initiation of its action of dismissal of petitioner, to reappraise its decision and to rescind that decision in accordance with section 13412, Education Code (formerly § 13529). The motion was denied May 29, 1957, without prejudice. Other than said motion to remand, no other proceeding has been brought in the action during the three-year period commencing with the filing of the remittitur.

On April 18, 1961 (after the expiration of the three-year period), petitioner moved, under section 583 of the Code of Civil Procedure, to dismiss the entire proceeding. This motion was denied.

Did the motion to remand constitute a "trial," under section 583, Code of Civil Procedure?

That section reads: ". . . When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, *unless brought to trial* within three years from the date upon which remittitur is filed by the clerk of the trial court." (Emphasis added.) ██ Failure to comply with the requirements of this section makes the dismissal of the action mandatory upon the court and mandamus is a proper remedy to effect such a dismissal. (*Superior Oil Co.* v. *Superior Court*, 6 Cal.2d 113, 119 [56 P.2d 950].) ██ Likewise, a writ of prohibition will lie to prevent further proceedings where the bar of section 583, Code of Civil Procedure, applies. (See *Meier* v. *Superior Court*, 55 Cal.App.2d 675 [131 P.2d 554].)

The question of the effect, under said section, of a motion to remand the case to another tribunal, administrative or judicial, has never been considered. The basic definitions made by the courts of "trial" under both Code of Civil Procedure section 581a (the three-year dismissal statute) and section 583 (the five-year dismissal statute) are somewhat various.

Several general statements as to what constitutes a trial are often quoted. Among them are: "The trial of a cause includes all the rulings of the court and the proceedings before it which conduce to the decision which it makes upon the issues in the case as the basis of its judgment." (*Green* v. *Duvergey*, 146 Cal. 379, 385 [80 P. 234]; see also *Goldtree* v. *Spreckels*, 135 Cal. 666 [67 P. 1091]; *O'Day* v. *Superior Court*, 18 Cal.2d 540, 544 [116 P.2d 621].)

"A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial." (*Tregambo* v. *Comanche Mill & Min. Co.*, 57 Cal. 501, 505; see also *City of Pasadena* v. *Superior Court*, 212 Cal. 309 [298 P. 968], and *Smith* v. *City of Los Angeles*, 84 Cal.App.2d 297, 301 [190 P.2d 943].)

The language used seems extremely broad and susceptible of such construction that virtually any appearance by the parties and any decision by a court upon an issue presented could constitute a trial. However, although a wide divergence of application of the concepts exists, a pattern seems to emerge. As made clear in *City of Pasadena* v. *Superior Court, supra,* 212 Cal. 309, in discussing the concept of "trial" as it is used in *Tregambo* v. *Comanche Mill & Min. Co., supra,* 57 Cal. 501, *Green* v. *Duvergey, supra,* 146 Cal. 379, and *Goldtree* v. *Spreckels, supra,* 135 Cal. 666, ". . . it seems fundamental to a proper concept of a trial that the determination of the issue of fact or law involved should be an issue presented by the pleadings, that is, the determination must be of an issue presented in the case." (Pp. 313-314 of 212 Cal.)

Thus, in *Smith* v. *City of Los Angeles, supra,* 84 Cal.App.2d 297, the sustaining of a demurrer without leave to amend was considered a trial so as to avoid dismissal within three years after filing of the remittitur. (P. 305; see also *Erganian* v. *Brightman,* 13 Cal.App.2d 696 [57 P.2d 971].) The decision of the court clearly went to the merits of the case and finally determined the rights of the parties. Also in *Stow* v. *Superior Court,* 178 Cal. 140 [172 P. 598] and *Green* v. *Duvergey, supra,* 146 Cal. 379, the fact that nonsuits were granted was held to constitute a trial.

In *Tregambo* v. *Comanche Mill & Min. Co., supra,* 57 Cal. 501, the trial had been had upon the court's determination of an application to set aside a default. In *O'Day* v. *Superior Court, supra,* 18 Cal.2d 450, 545, a judgment of dismissal had been granted after the consideration of a great deal of evidence that was presented to the jury and ruled upon as to its admissibility. It appears from the above cases that a close relationship between the issues decided and the issues pleaded in the case exists.

Hence in each of the above cases, cited by respondents in support of their contention that the ruling on the motion to remand the proceedings to respondent board of hearing was a trial, the issues decided have a direct connection with the issues of fact or law raised by the pleadings, as required in *City of Pasadena* v. *Superior Court, supra,* 212 Cal. 309, 314, to constitute a trial. That case involved the definition of trial in a somewhat different context; however, it appears from the cases discussed that the requirements are in point,

It is now the rule that sustaining a demurrer, with leave to amend, does not constitute a trial within the meaning of Code of Civil Procedure, section 583, since " 'The rule is established that "the hearing of a demurrer is not a trial, within the meaning of section 583, unless the ruling on the demurrer is a final determination of the rights of the parties." (*Anderson* v. *City of San Diego*, 118 Cal.App.2d 726, 731 [258 P.2d 842] ; *Berri* v. *Superior Court*, 43 Cal.2d 856, 858 [279 P.2d 8].)' (*Legg* v. *United Benefit Life Ins. Co.*, 136 Cal.App.2d 894, 897 [289 P.2d 553].)" (*Ross* v. *George Pepperdine Foundation*, 174 Cal.App.2d 135, 139 [344 P.2d 368] ; see also *Smith* v. *Wiget*, 75 Cal.App.2d 591, 593 [171 P.2d 563], and *Meier* v. *Superior Court, supra*, 55 Cal.App.2d 675.)

The rationale behind the cited cases may be found in *Meier* v. *Superior Court, supra*. In that case the court ruled that granting a motion to set aside a default judgment and permitting the defendant to answer was not a "trial" within the meaning of Code of Civil Procedure, section 583, nor were the actions of the court in sustaining demurrers with leave to amend. In relation to such rulings the court in *Meier* discusses *O'Day* v. *Superior Court, supra*, 18 Cal.2d 540, and concludes that a "trial" under section 583 does not include rulings upon a "preliminary matter" (see *Meier* v. *Superior Court, supra*, at pp. 677, 678) and further that the ruling setting aside the default and permitting an answer was "not in any respect a trial of issues raised, but it involves merely a consideration of whether a party is entitled to relief which will enable him to raise issues in the case." (*Meier, supra*, at p. 678.)

Petitioner's motion to remand the case to the respondent board is in the nature of a preliminary consideration of a question involving the propriety of a particular forum to hear the case on its merits and finally determine the rights of the parties. The motion is not directed toward any of the issues raised in the pleadings or implicit in the remittitur.

The decision in *Board of Education* v. *Mass, supra*, 47 Cal. 2d 494, clearly indicates that petitioner has been deprived of his constitutional right to a hearing in the superior court upon his reasons for refusing to answer certain questions. Thus the sufficiency of petitioner's reasons is the issue which would determine the rights of the parties. Petitioner's motion was directed merely toward a determination of the appropriate

forum in which to raise and give evidence upon the real issue. The hearing of that motion was in no way a trial upon the real issue itself. It is not such a trial as would preclude dismissal under the provisions of Code of Civil Procedure, section 583, since it is not a ruling which is a final determination of the rights of the parties upon issues raised in the pleadings or in the Supreme Court's decision or directly related to those issues upon which trial is to be had.

Petitioner's motion to remand was not a trial or hearing which would weigh and determine his right to remain employed or the board's right to dismiss him. The court's ruling on the motion was not related to the merits of the case, nor a "trial," it was merely a determination of the forum for the trial.

At first blush, the affidavits of the parties seem contradictory as to whether or not there was a "trial" on the day the motion to remand was heard. The affidavit of Lawrence Speiser, the then attorney for petitioner, states that the only matter presented to the court was the question of remanding the matter to the board of education and the legal arguments thereon, and that there was no discussion of any matter relevant to the issues on the merits. The affidavits of Irving G. Breyer state that the "trial commenced" May 29, 1957 (the day noticed for hearing of petitioner's motion to remand). However, the affidavits go on to state that the matter presented was the question of remand of the case to the board. Breyer denies that the relevant issues were not discussed, "there was a trial as to the issues raised by the superior court decisions and of the issue as to whether or not there should be a hearing before the Board of Education, and as a result of the trial on that day it was determined that the matter should not be referred back to the Board of Education." One of Breyer's affidavits, after stating that the court denied the motion to remand, says "further proceedings of the trial was then postponed until a mutually satisfactory date could be arranged." The minute order of that day makes no mention of any postponement. It states, "after presentation the Motion to Remand was denied without prejudice."

The Breyer affidavits further state that on several occasions after Attorney Bendich was substituted as attorney for petitioner on August 27, 1957, Bendich discussed with Breyer "the issues involved and the matter of a date for further trial proceedings." Bendich pointed out that petitioner was then living in Los Angeles and expressed some doubt that defendant

desired to go to trial. On December 26, 1958, the Honorable Milton Sapiro, the judge who had tried the case before appeal and who heard the motion to remand, died. Thereafter, Bendich consulted with Breyer as to continuing with the court proceedings before another trial judge. Breyer said he would be agreeable to any date suggested by Bendich. Sometime in September 1959, Bendich came to Breyer's office to examine the board's minutes. The possibility of bringing petitioner to San Francisco for further proceedings or to take his deposition was discussed. Bendich stated that he would not consent to a deposition, but would contact petitioner and advise Breyer as to a possible date of trial. Breyer stated that he was agreeable to any date suggested by petitioner. Breyer heard no further from Bendich until the filing of the motion to dismiss.

Bendich's affidavit categorically denies Breyer's statements as to discussions with him concerning further proceedings in the case, and states particularly that he neither directly nor indirectly agreed that petitioner should not be brought to trial until Bendich advised Breyer that petitioner was ready to proceed.

It is clear that the only matter presented to the court to pass on was the motion to remand, which as we have heretofore shown, did not constitute a trial under section 583, Code of Civil Procedure. The trial court apparently accepted Breyer's version of the contacts between counsel after the motion was denied. Assuming the correctness of Breyer's version, such fact would not stop the operation of section 583. There were no formal agreements as to postponement. Breyer's affidavit does not allege even an informal agreement of postponement beyond the statutory period. At best, it shows that petitioner's attorney was to inform him of a date satisfactory to petitioner, but without any agreement to waive the statute. Plaintiff, who has the burden of bringing the action to trial, must use diligence in doing so. (See *Smith* v. *Wiget, supra,* 75 Cal.App.2d 591, 595.) Where plaintiff allows the three years to go by, he cannot make a case for diligence merely by showing that defendant stated he would let plaintiff know when he would be ready for trial.

Exceptions to the operation of dismissal statutes must be strictly construed. (See *Miller & Lux Inc.* v. *Superior Court,* 192 Cal. 333, 339 [219 P. 1006].) Mere discussion of delay is not sufficient. There must be a specific agreement to

waive the provisions of the section. (See *Breakstone* v. *Giannini,* 70 Cal.App.2d 224 [160 P.2d 887].)

As the action was not brought to trial within three years of the filing of the remittitur, the action must be dismissed.

Therefore, it is ordered that a writ of mandate issue commanding the superior court to dismiss said action.

Tobriner, J., and Sullivan, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 24, 1962. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.