[Civ. No. 23281.   First Dist., Div. One.   Dec. 6, 1966.]

EVELYN M. WIGGINS, Plaintiff and Appellant, v. WASH-INGTON NATIONAL LIFE INSURANCE COMPANY, Defendant and Respondent.

Ricardo J. Hecht for Plaintiff and Appellant.

Frank J. Mahoney for Defendant and Respondent.

BRAY, J.*—Plaintiff appeals on a clerk's transcript from judgment of dismissal of this action for lack of prosecution.[1]

## QUESTIONS PRESENTED

1. Did plaintiff fail to prosecute this action within five years so as to require its dismissal under Code of Civil Procedure section 583?[2]

2. Was the hearing of the motion to transfer the action from the municipal court to the superior court a "trial" within the meaning of that section?

## RECORD

On December 10, 1959 plaintiff filed in the San Francisco Municipal Court a "Complaint to Recover Sickness Disability Benefits." On June 27, 1960 defendant filed an answer and cross-complaint in which it sought declaratory relief. On July 27, 1960 plaintiff answered the cross-complaint and in addition noticed a motion to transfer the action to the superior court. On August 4, 1960 the municipal court granted plaintiff's motion to transfer the cause, ordered the cause transferred to the San Francisco Superior Court on the ground of lack of jurisdiction of the municipal court to consider declaratory relief, and further ordered that defendant pay the costs and fees of transfer and filing in the superior court within five days. That order was not appealed. On December 14, 1960, defendant having failed to pay the transfer and filing fees, plaintiff paid them and the action was filed in the superior court on December 30, 1960. Although on June 8, 1964 plaintiff filed a memorandum to set the cause for trial in the superior court, a trial was not set. On March 29, 1965 a notice of pretrial conference was issued setting the conference for May 19, 1965. On May 10, 1965 defendant filed a motion to dismiss the complaint and action on two grounds: (1) failure to bring the action to trial within two years after the action was filed; and (2) failure to bring it to trial within five years. On June 14, 1965 the court granted the motion and on June 21, 1965 a formal judgment of dismissal was entered "for lack

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Plaintiff also appeals from the minute order ordering the dismissal. This is not an appealable order (see Code Civ. Proc., § 963) and the attempted appeal therefrom must be dismissed.

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

of prosecution pursuant to the provisions of Section 583 of the Code of Civil Procedure.'' On June 22, 1965 defendant filed a voluntary dismissal of its cross-complaint for declaratory relief.

## 1. LACK OF PROSECUTION

Section 583 provides in pertinent part as follows: ''The court may in its discretion dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial . . . Any action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action . . .''[3] In the instant case the trial court did not designate in its order and judgment of dismissal whether it was applying the two-year or the five-year limitation period. However, since failure to prosecute an action within five years makes dismissal mandatory unless the plaintiff can bring his case within one of the exceptions contained in the section or within one of the implied exceptions recognized by the decisions (*Adams* v. *Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466]; *Ross* v. *George Pepperdine Foundation* (1959) 174 Cal.App.2d 135, 140 [344 P.2d 368]; *Muller* v. *Muller* (1960) 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419]) and since, as we proceed to point out, plaintiff did not prosecute this action within five years even assuming that he was entitled to a tolling of the limitation period under the judicially created exceptions to section 583, the trial court's judgment of dismissal must be affirmed under the mandatory dismissal provision of section 583.

We first consider when the five-year limitation period provided for in section 583 commenced. In this regard we note that section 583 requires dismissal of an action unless the action ''is brought to trial within five years after the *plaintiff has filed his action*.'' (Italics added.) Although plaintiff intimates that the effective filing date for the purpose of section 583 is the date the pleadings were filed in the superior court rather than the date her complaint was filed in the municipal court (''The actions were . . . abated to the fullest extent, but subject to revival upon effective transfer to the Superior Court''; ''It was not until . . . [December 30, 1960] that the causes were, in effect, 'recommenced', . . . after the prior

---

[3]Section 583 provides certain exceptions to the above limitations, none of which apply in the instant case.

*dismissal*''), we are of the opinion that the limitation period of section 583 began to run on December 10, 1959 upon the original filing of plaintiff's complaint in the municipal court. We base this conclusion upon the following provisions of section 396: "An action or proceeding which is transferred under the provisions of this section shall be deemed to have been commenced at the time the complaint or petition was filed in the court from which it was originally transferred."[4] Thus, we conclude that for the purposes of section 583 this action was filed when plaintiff's complaint was filed in the municipal court, that all proceedings thereafter were in the one action, and that the limitation period of section 583 began to run on the date of the original filing, namely, December 10, 1959.

### 2. HEARING OF MOTION TO TRANSFER NOT A "TRIAL"

Plaintiff next contends that the hearing by the municipal court of plaintiff's motion to transfer the action to the superior court constituted a "trial" and that therefore plaintiff duly prosecuted this action under the requirements of section 583.

In *Mass* v. *Superior Court* (1961) 197 Cal.App.2d 430 [17 Cal.Rptr. 549] this court pointed out that the language used by the courts in defining the word "trial" "seems extremely broad and susceptible of such construction that virtually any appearance by the parties and any decision by a court upon an issue presented could constitute a trial. However, although a wide divergence of application of the concepts exists, a pattern seems to emerge." (At p. 434.) We then held that the correct definition of "trial" to be applied to section 583 was the one set forth in *City of Pasadena* v. *Superior Court* (1931) 212 Cal. 309, 314 [208 P. 968], namely, "a trial must necessarily involve the determination of some issue of fact or of law raised by the pleadings or directly connected therewith." In the latter case it was held that the denial of a motion to dismiss the action on the ground of failure to prosecute was not a "trial." In *Mass* we held that the hearing of a motion to

---

[4]Plaintiff calls attention to the language in Code Commissioners' Note following section 396 as follows: "Such transfer would be tantamount to a dismissal and a renewal of the action in the latter court." (The court to which the action is transferred.) This language cannot apply to the question we are considering in view of the positive statement in section 396 that the transferred action is deemed to have been commenced at the time the complaint was filed in the court *from* which the action was transferred.

remand the proceedings to the respondent board of education did not constitute a "trial" under section 583. Our holding in this regard was based upon our conclusion that such motion "is in the nature of a preliminary consideration of a question involving the propriety of a particular forum to hear the case on its merits and finally determine the rights of the parties. The motion is not directed toward any of the issues raised in the pleadings or implicit in the remittitur." (At p. 435.) In addition in *Mass* we cited a number of cases to the effect that "It is now the rule that sustaining a demurrer, with leave to amend, does not constitute a trial within the meaning of Code of Civil Procedure, section 583, . . ." (At p. 435.)

*Adams* v. *Superior Court, supra,* 52 Cal.2d 867, 870 held that no "trial" was had when on the day set for trial the counsel for the plaintiff called the attorney for the defendant as a witness for the purpose of showing grounds for a continuance. In *Meier* v. *Superior Court* (1942) 55 Cal.App.2d 675 [131 P.2d 554], it was held that the granting of a motion to set aside a default judgment was not a "trial" within the meaning of section 583. There the court quoted from *O'Day* v. *Superior Court* (1941) 18 Cal.2d 540, 544 [116 P.2d 621], which stated that: "Generally speaking, a 'trial' includes all rulings of a court in proceedings before it made in furtherance of the decisions made upon the issues in the case which form the basis of the judgment." Commenting upon this language the court in *Meier* said: "It clearly appears that in using this language the court did not intend to hold that a ruling on a demurrer or *some preliminary matter* constitutes a trial within the meaning of section 583." (At p. 678; italics added.) Accordingly, in holding that the hearing of a motion to set aside a default was not a trial within the meaning of section 583, the court stated that such a "proceeding is not in any respect a trial of issues raised, but it involves merely a consideration of whether a party is entitled to relief which will enable him to raise issues in the case." (At p. 678.)

So in the instant case, since the hearing on plaintiff's motion to transfer was in no sense a trial of issues raised but was rather a consideration of a preliminary matter, namely, the question of the proper court in which to raise those issues, the hearing did not constitute a "trial" as that term is used in section 583.

Upon the bases (1) that the period of limitation within which plaintiff was required to prosecute this action com-

menced on December 10, 1959 and (2) that the action was not brought to trial by the hearing in the municipal court on plaintiff's motion to transfer, it is apparent that at the time the trial court entered its order of dismissal, namely, on June 14, 1965, more than five years and six months had elapsed from the commencement of the action. Although plaintiff's failure to prosecute this action during this period appears to make dismissal of the action mandatory, plaintiff makes several arguments as to why the five-year limitation period provided for in section 583 should not be applicable under the facts of the instant case. These arguments all relate to the fact that defendant filed a cross-complaint for declaratory relief in this action, thus necessitating a transfer of the case to the superior court, and that it thereafter failed to pay the transfer and filing fees in the superior court or to take any other action to bring the case to trial.

It has been held that exceptions will be made to the rule set forth in section 583 where " 'a party is unable from causes beyond his control to bring the case to trial . . . or because proceeding to trial would be both impracticable and futile.' " (*Wright* v. *Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 496 [24 Cal.Rptr. 80].) ▉ But, as pointed out in that case by the court, quoting from 2 Witkin, California Procedure (1954) at page 1684, "The net effect of the decisions appears to be that no implied exceptions will be created, and no excuses for noncompliance with C.C.P. 583 will be accepted, unless they may fairly be said to make a trial impracticable." ▉ Moreover "Exceptions to the operation of dismissal statutes must be strictly construed." (*Mass* v. *Superior Court, supra,* 197 Cal.App.2d 430, 437.) ▉ Plaintiff's contention that a trial of plaintiff's case at bench would be impracticable until the court first determined whether the issues raised by the cross-complaint were legal or equitable and that therefore plaintiff was relieved from pressing the action until that question was brought to hearing by defendant is not well founded. Assuming that the cross-complaint raised, as contended, "a legal thicket" there was nothing to prevent plaintiff from setting for determination that matter as a preliminary hearing or as a part of the trial.

▉ Plaintiff next contends that because defendant caused the action to be transferred to the superior court as a result of filing a cross-complaint in this action, it in effect "assumed the role of plaintiff" in that court, and having done nothing to

bring the action to trial defendant cannot complain of plaintiff's failure to do so. While it is true that a cross-complainant assumes the role of plaintiff as to the matters set forth in his cross-complaint (see *Cloverdale Union H. S. Dist.* v. *Peters* (1928) 88 Cal.App. 731, 736 [264 P. 273]) that fact does not relieve the plaintiff of the responsibility of bringing the action to trial. ██ As said in *Oberkotter* v. *Spreckels* (1923) 64 Cal.App. 470, 473 [221 P. 698], ''appellant is mistaken in assuming that a defendant must seek to have the action set for trial before he can move its dismissal for want of diligent prosecution. The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.''

██ Plaintiff's contention that because of the cross-complaint it was defendant's duty rather than that of plaintiff to bring the action to trial is well answered by the following language in *Wutchumna Water Co.* v. *Stevenson* (1928) 204 Cal. 191, 192 [267 P. 537] : ''The fact that the defendant had also appeared, seeking affirmative relief by way of cross-complaint and counterclaim did not serve to relieve the plaintiff of the duty cast upon it to promptly prosecute its action, and certainly did not relieve it of the duty of offering upon the hearing of the defendant's motion to dismiss some adequate reason or excuse for the delay.''

While these cases make it clear that the defendant's filing of a cross-complaint does not relieve the plaintiff of her burden to prosecute her case diligently, they do not involve situations such as that of the instant case where the defendant's filing of a cross-complaint *necessitates* the transfer of the plaintiff's action from the municipal court to the superior court. In this regard section 396 provides in pertinent part as follows: ''If an action . . . is commenced in . . . a court which has jurisdiction of the subject matter thereof as determined by the complaint . . . and it thereafter appears from the verified pleadings, or at the trial, . . . that the determination of the action . . . , or *of a cross-complaint, will necessarily involve the determination of questions not within*

*the jurisdiction of the court, in which the action . . . is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action* . . . and certify the pleadings . . . , and all papers and proceedings therein, . . . to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof.'' (Italics added.) At the time defendant filed its cross-complaint in the instant action the municipal court lacked jurisdiction over declaratory relief actions. (§§ 89, 1060.) Accordingly, from the moment defendant filed its cross-complaint for declaratory relief in the instant action the municipal court lost jurisdiction over the cause and was obliged to suspend further proceedings in the action and to transfer it to the superior court.[5] (*Armstrong* v. *Transcontinental L. & W. Co.* (1955) 134 Cal.App.2d Supp. 889, 891-892 [285 P.2d 1031]; *Pasadena Inv. Co.* v. *Peerless Cas. Co.* (1955) 134 Cal.App.2d Supp. 902, 903 [286 P.2d 1014].) And since no further proceedings could be had in this action until the cause had been transferred and the costs and fees of transfer paid (§§ 396, 399), it could be argued that plaintiff was unable to bring her case to trial until the transfer was effectuated and the costs paid. Based on this premise the further argument could be made that the period of limitation provided for in section 583 should be tolled during this time, that is, from the filing of defendant's cross-complaint (June 27, 1960) until the filing of the action in the superior court (December 30, 1960). However, we deem it unnecessary to consider whether the limitation period was in fact tolled during this period, for even assuming that this period should not be considered in computing the five-year limitation period of section 583, more than five years elapsed between the filing of plaintiff's complaint in the municipal court and the order of dismissal. Accordingly, under the mandatory dismissal provision of section 583 this action was properly dismissed for lack of prosecution.

The purported appeal from the minute order is dismissed and the judgment is affirmed.

Sullivan, P. J., and Molinari, J., concurred.

---

[5]Although plaintiff concedes that because of the cross-complaint for declaratory relief the municipal court lost jurisdiction of the action and was required to transfer the case to the superior court plaintiff intimates that defendant's request for declaratory relief was not in good faith. That question, if it existed, is not properly before us on this appeal from the judgment of dismissal for lack of prosecution.