9 Cal.App.4th 1311 (1992)
12 Cal. Rptr.2d 348
ROBERT N. FINNIE, Plaintiff and Respondent,
v.
DISTRICT NO. 1 - PACIFIC COAST DISTRICT, MARINE ENGINEERS' BENEFICIAL ASSOCIATION et al., Defendants and Appellants.
Docket No. A053145.
Court of Appeals of California, First District Division Four.
September 25, 1992.
*1312 COUNSEL
Allan Brotsky and Myron Moskovitz for Defendants and Appellants.
*1313 Cartwright, Slobodin, Bokelman, Borowsky, Wartnick, Moore & Harris, Dennis Kruszynski and Philip Borowsky for Plaintiff and Respondent.
OPINION
PERLEY, J.
District No. 1  Pacific Coast District, Marine Engineers Beneficial Association and National Marine Engineers Beneficial Association (AFL-CIO) (collectively, the unions) appeal from an order granting the motion of Robert N. Finnie to vacate a judgment that had dismissed his petition for writ of mandate for failure to bring it to trial within statutory time limits. The principal issue is whether the granting of a motion to dismiss for lack of subject matter jurisdiction is a "trial" within the meaning of Code of Civil Procedure section 583.320, subdivision (a)(3), which requires that an action be brought to trial within three years after a remittitur is filed following reversal of a judgment on appeal and remand for a new trial. We hold that a dismissal for lack of subject matter jurisdiction is a "trial" within the meaning of this statute. Since the trial court reached this same conclusion, we affirm the order vacating the judgment of dismissal.

PROCEDURAL BACKGROUND
Finnie, a marine engineer, was expelled from the unions in 1979 because he failed to follow the unions' directive and proceeded to work on board a ship at a time when the unions were involved in a dispute with the ship owner. Finnie filed his petition for writ of mandate in May of 1981, alleging that the unions failed to follow their constitutions and bylaws in the proceedings that led to his expulsion, and that the unions' disciplinary procedures violated his right to due process under California law.
In June of 1981, the unions removed the action to federal court on the ground that Finnie's suit was for violation of contracts between labor organizations within the meaning of the Taft-Hartley Act. The federal court determined that federal jurisdiction was lacking (Finnie v. District No. 1  Pacific Coast Dist., etc. (N.D.Cal. 1981) 538 F. Supp. 455), and remanded the case to the superior court in January of 1982.
The case was eventually set for trial in October of 1986. In August 1986, the unions moved to dismiss the action for lack of subject matter jurisdiction. The unions argued that Finnie's petition was preempted by federal law because it alleged conduct on the part of the unions that arguably constituted an unfair labor practice under the National Labor Relations Act (NLRA). *1314 The unions' argument was predicated on the ship owner's engagement in interstate commerce, and on Finnie's status as a supervisor and grievance adjuster for purposes of the NLRA. The pertinent facts were established by declarations in support of the motion to dismiss, and a proposed "statement of undisputed facts" based on depositions in the case. Finnie's opposition to the motion included his declaration on the circumstances of his employment and his discipline by the unions.
The motion to dismiss was granted, and a judgment dismissing the petition for lack of subject matter jurisdiction was entered in October 1986. The judgment stated that the dismissal was based on several findings, including findings on the nature of the ship owner's business and Finnie's employment, and the cause and consequences of Finnie's discipline.
Finnie appealed and we reversed the judgment of dismissal, concluding in light of the applicable authorities and the nature of Finnie's claims that his petition was not preempted by federal law. After the California Supreme Court denied the unions' petition for review, and the United States Supreme Court denied the unions' petition for writ of certiorari, we issued our remittitur on December 26, 1989.
Finnie did not file an at issue memorandum until April 3, 1990. On May 18, 1990, Finnie filed a motion to specially set the case for trial before June 26, 1990. At this point, the parties agreed that the five-year period for bringing the case to trial under Code of Civil Procedure section 583.310[1] would have expired on January 20, 1990, but that the mandatory dismissal date had been extended by operation of section 583.350 to June 26, 1990, six months after issuance of the remittitur. (See § 583.350 [plaintiff has six months to bring case to trial if period of tolling ends with less than six months left before mandatory dismissal].) Finnie's motion to specially set the case for trial was denied.
The unions then moved to dismiss the action for failure to bring it to trial by June 26. Finnie opposed the unions' motion, and moved for relief from dismissal (§ 473). At that time, Finnie still agreed that the deadline for trial was June 26. On July 25, however, Finnie filed a supplemental brief opposing the motion to dismiss on the ground that he had three years  instead of six months  after the filing of the remittitur to bring the case to trial. (See § 583.320, subd. (a)(3) [trial must be commenced within three years after remittitur if judgment is reversed on appeal and case is remanded for new trial].) Orders granting the unions' motion to dismiss and denying *1315 Finnie's motion for relief from dismissal were filed in November and December of 1990, and a judgment of dismissal was filed on January 23, 1991.
Finnie moved under section 663 to vacate the order and judgment of dismissal. On February 11, 1991, the court filed its order granting Finnie's motion on the ground that it had "committed an error of law in not applying Code of Civil Procedure, Section 583.320 (a)(3) to the motion to dismiss." The unions now appeal the order granting the motion to vacate the judgment of dismissal. (§§ 663a; 904.1, subd. (b).)

DISCUSSION
(1) The unions' first argument is that the order vacating the judgment must be reversed because the court had no power to set aside the dismissal for a legal error.[2] The unions submit that, even if the dismissal was erroneous, Finnie could not challenge it except by way of an appeal. It would be unfortunate if this were the case, because we have business enough without having to field appeals on matters that could be promptly corrected in the trial court. We conclude, however, that the unions' argument lacks merit. Finnie could challenge the judgment of dismissal by a timely motion in the trial court and was not relegated solely to an appeal.
Carney v. Simmonds (1957) 49 Cal.2d 84 [315 P.2d 305], held that a motion for new trial lies to attack a judgment of dismissal. The court disapproved a number of cases that had indicated a new trial motion could not be entertained where the only issue tried was one of law. (Id., at p. 90.) The disapproved precedents were listed in a "first group of cases" that had decided a new trial motion was improper in connection with various classes of judgments, including "... (2) Judgment[s] of dismissal generally: City of Pasadena v. Superior Court [1931] 212 Cal. 309...." (Id., at p. 88.) City of Pasadena v. Superior Court (1931) 212 Cal. 309, 314 [298 P. 968] had held that a motion for new trial could not be used to challenge dismissal of a case where the dismissal was entered "on the ground of the failure of the plaintiff to proceed."
The court in Carney v. Simmonds first noted that the statute governing new trial motions, section 657, speaks broadly in terms of vacating decisions that are "against law." (§ 657, subd. 6.) The court then reasoned that: "there may be a `trial' and hence a situation proper for a new trial motion where only *1316 issues of law are determined. [Citation.] As a matter of orderly procedure there is no less reason why the trial court should have a second chance to reexamine its judgment where issues of fact are involved than where issues of law or law and fact are decided. We conclude therefore that a motion for a new trial is proper procedure in any of the classes of judgments mentioned in the first group of cases above cited whether the judgment is based on law or fact or both, except possibly in the case of default judgments or judgments by agreement or confession where there may be the question of the right of the moving party to make any objection to the judgment. The cases cited in support of the judgments in classes 1, 2, 3 and 4 in the first group of cases are disapproved as well as the statements in those cases which limit a new trial to a case where there had been an issue of fact tried...." (Carney v. Simmonds, supra, 49 Cal.2d at pp. 90-91.)
Finnie could therefore attack the judgment of dismissal for failure to prosecute by way of a motion for new trial under section 657. In light of this conclusion, we need not reach the unions' argument that the court lacked inherent power to vacate the judgment in the absence of a statutory procedure by which the judgment could be attacked. This is not a case in which the court purported to act on its own motion.
Since there is no question of the trial court's power to set aside the judgment of dismissal upon a timely request, the styling of Finnie's request as a motion to vacate, rather than a motion for new trial, is of no consequence. Assuming that a motion to vacate was improper (see Forman v. Knapp Press (1985) 173 Cal. App.3d 200, 203 [218 Cal. Rptr. 815] [§ 663 motions seek entry of "`another and different judgment'" and hence cannot be used merely to restore action to trial calendar]), Finnie's motion may properly be treated as a motion for new trial for purposes of appellate review.[3] This result is consistent with the principle that we review results and not reasons (see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 259, p. 266 and authorities cited), and it is supported by cases that have looked beyond the form of a motion made in the trial court to consider the merits of the court's ruling (see Jacuzzi v. Jacuzzi Bros., Inc. (1966) 243 Cal. App.2d 1, 23-24 [52 Cal. Rptr. 147] [ruling on motion to vacate upheld where relief could have been granted on motion for new trial]; 8 Witkin, Cal. Procedure, (3d ed. 1985) Attack on Judgment in Trial Court, § 107, p. 510 [relief ostensibly granted under § 663 upheld under appropriate statutory power]; and cf. Ramirez v. Moran (1988) 201 Cal. App.3d 431, 435 [247 Cal. Rptr. 117] [motion to vacate treated as motion for new trial for purposes of appeal]).
*1317 Carney v. Simmonds, supra, thus disposes of the unions' first argument. The unions contend that our reading of Carney v. Simmonds is contrary to the reasoning of Fannin Corp. v. Superior Court (1974) 36 Cal. App.3d 745 [111 Cal. Rptr. 920], but Fannin Corp. did not address new trial motions.
At issue in Fannin Corp. was whether a discretionary dismissal for failure to prosecute was a "trial" under the predecessor of section 583.320, subdivision (a)(3), which gives plaintiffs three years to go to trial after a judgment is reversed on appeal and the action is remanded for a new trial. The court decided that such a dismissal was not a trial for purposes of this three-year statute. The court distinguished Carney v. Simmonds on the ground that Carney had not dealt with the three-year statute, but rather "with the type of judgments to which a motion for new trial may be directed under the statutes applying to motions for new trial." (Fannin Corp. v. Superior Court, supra, 36 Cal. App.3d at p. 754 [original italics].) Thus, Fannin Corp. did not purport to define the proper subjects of a new trial motion. The court in Fannin Corp. did proceed to remark that "Carney does not hold that where a judgment of dismissal is entered in any case for any reason, it will support new trial proceedings." (Ibid.) Whether or not that is true, it is clear from Carney`s disapproval of the City of Pasadena case that a new trial motion can be used to dispute a judgment of dismissal for failure to prosecute.
(2a) We now turn to the merits of the trial court's order, and the unions' second argument that the court erred in concluding that the earlier dismissal for lack of subject matter jurisdiction was a "trial" for purposes of the three-year statute.[4] Again, the issue is controlled by a Supreme Court precedent that refutes the unions' argument.
McDonough Power Equipment Co. v. Superior Court (1972) 8 Cal.3d 527 [105 Cal. Rptr. 330, 503 P.2d 1338], held that a "trial" within the meaning the three-year statute occurs where a judgment of dismissal is entered after the sustaining of a demurrer without leave to amend. The demurrer in McDonough was sustained on the basis of the statute of limitations. The plaintiff appealed, and the judgment of dismissal was reversed with directions to overrule the demurrer. Trial was not commenced within three years of the filing of the remittitur with the superior court, and the defendant moved for dismissal of the case under the three-year statute. The motion was denied and the defendant sought a writ of mandate to overturn the ruling. The *1318 Supreme Court agreed with the defendant that the case should have been dismissed.
The court rejected the plaintiff's argument that the three-year statute "applies only where a judgment is reversed after a previous trial on the merits." (McDonough Power Equipment Co. v. Superior Court, supra, 8 Cal.3d at p. 531.) The court found this narrow conception of a "trial" to be inconsistent with cases dating back to 1881 that had defined a "trial" far more expansively. (3) These precedents included Adams v. Superior Court (1959) 52 Cal.2d 867, 870 [345 P.2d 466], which had defined a "trial" as "the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by pleadings, for the purpose of determining the rights of the parties." On the basis of these precedents, the court concluded that "a hearing on a demurrer constitutes a trial when the ensuing ruling is followed by a judgment of dismissal.... `The essential thing is that the action be brought to a stage where final disposition is to be made of it.'" (McDonough Power Equipment Co. v. Superior Court, supra, 8 Cal.3d at p. 532 [original italics].)
(2b) For purposes of the three-year statute, there is no distinction between the dismissal here for lack of subject matter jurisdiction and the dismissal on statute of limitations grounds in McDonough. There is no functional difference between a motion to dismiss for lack of subject matter jurisdiction and a demurrer based on a statute of limitations. Both are in the nature of general demurrers (§ 430.10, subds. (a) and (e); 5 Witkin, Cal. Procedure, supra, Pleading, §§ 912, 919, pp. 349, 355) that present "questions of law put in issue by pleadings," and the granting of a motion to dismiss for lack of subject matter jurisdiction is as much a "final disposition" of an action as the sustaining of a demurrer without leave to amend.
The unions argue that a dismissal for lack of subject matter jurisdiction does not "finally dispose" of an action because it merely determines the proper forum in which the action may be brought. Here, the finding of federal preemption would not have meant that Finnie had no recourse against the unions, but only that he had to press his claims before the National Labor Relations Board. Hence the unions contend that Finnie's case is analogous to Mass v. Superior Court (1961) 197 Cal. App.2d 430 [17 Cal. Rptr. 549], which held that a hearing on a motion to remand a case from superior court to a local school board was not a "trial" under the three-year statute but "merely a determination of the forum for the trial." (Id., at p. 436 [italics added]; see also Wiggins v. Washington Nat. Life Ins. Co. (1966) 246 Cal. App.2d 840, 844-845 [55 Cal. Rptr. 129] [hearing on motion to transfer from municipal to superior court is not a "trial"].)
*1319 The hearings in Mass and Wiggins are distinguishable from the hearing on the unions' motion to dismiss herein. Unlike the rulings on the motions in those cases, the finding that Finnie needed to pursue his claims in a federal forum would have precluded any recourse in the courts of this state. The dismissal for lack of subject matter jurisdiction would have conclusively disposed of any claim under California law, and that result would have been a "final disposition" of Finnie's case within the meaning of McDonough. This conclusion is not altered by any prospect Finnie might have had of another remedy on a different claim in another jurisdiction.
The unions attempt to distinguish McDonough by arguing that all of the cases cited in McDonough "involved dispositive rulings, with res judicata effect." The unions note that a judgment of dismissal is res judicata only if it is on the merits, and that a dismissal like the one herein for lack of jurisdiction is not a dismissal on the merits. (See 7 Witkin, Cal. Procedure, supra, Judgment, § 226, p. 663.) The unions quote a passage in Fannin Corp. where the court, without mentioning McDonough, referred to "a line of cases which have construed [the three-year statute] as applying to two other situations, other than a new trial. These are where the trial court has sustained a demurrer without leave to amend, or where a defendant was granted a summary judgment or other judgment on the pleadings. It is apparent that in those few situations the rights of the parties have been finally determined on the merits of the case, either factually or legally." (Fannin Corp. v. Superior Court, supra, 36 Cal. App.3d at pp. 753-754 [original italics].)
Contrary to this passage in Fannin Corp., not all judgments on demurrer are on the merits.[5] (See 7 Witkin, Cal. Procedure, supra, Judgment, §§ 222-223, pp. 659-661 and authorities cited.) The judgment in McDonough is one example. As previously noted, the demurrer in that case was based on the statute of limitations. A dismissal on that ground is not on the merits and does not have res judicata effect. (Koch v. Rodlin Enterprises (1990) 223 Cal. App.3d 1591, 1595-1596 [273 Cal. Rptr. 438].) "Termination of an action by a statute of limitations is deemed a technical or procedural, rather than a *1320 substantive, termination. `Thus the purpose served by dismissal on limitations grounds is in no way dependent on nor reflective of the merits  or lack thereof  in the underlying action.' In fact, statutes of limitation are intended to set controversies at rest by foreclosing consideration on the merits of the claim." (Id., at p. 1596 [citations omitted].)
Thus, the purported distinction between the dismissal in Finnie's case and the dismissal in McDonough is untenable. Neither dismissal was res judicata on the merits. McDonough is controlling, and the trial court here correctly concluded that the three-year statute applied.

DISPOSITION
The order vacating the judgment of dismissal is affirmed. Finnie's request for sanctions is denied, but he shall recover his costs.
Anderson, P.J., and Poche, J., concurred.
NOTES
[1] All further statutory references are to the Code of Civil Procedure.
[2] We must reach this issue because of Finnie's failure to cross-appeal from the judgment pursuant to California Rules of Court, rule 3(c).
[3] In light of this conclusion, we need not address Finnie's attempts to defend his use of a motion to vacate under section 663 rather than a motion for new trial.
[4] The statute states that "If a new trial is granted in the action the action shall again be brought to trial within the following times: ... [¶] If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court." (§ 583.320, subd. (a)(3).)
[5] Although some of the reasoning in Fannin Corp. is questionable, we have no occasion to take issue with the result the court reached. The appeal in that case was taken from a discretionary dismissal for failure to prosecute. The appeal did not result in an unqualified reversal, which is a remand for new trial within the terms of the three year statute (see McDonough Power Equipment Co. v. Superior Court, supra, 8 Cal.3d at p. 532), but rather a reversal with directions to the trial court to exercise its discretion in light of recent cases. Thus, the nature of the appellate disposition in Fannin Corp. may serve to distinguish it from McDonough. (See 6 Witkin, Cal. Procedure, supra, Proceedings Without Trial, §§ 174-175, pp. 482-483 [Fannin involved a reversal without a remand for new trial].) The point in any event does not arise in Finnie's case, where the appeal resulted in an unqualified reversal.